## UMPHREY v. THE STATE.

CRIMINAL LAW.—*Larceny.*—*Intent in Taking.*—To constitute larceny, the taking must be with a felonious intent existing at the time of the. taking.

SAME.—*Trespass.*—A mere tortious taking of personal property, without felonious intent, is not a larceny.

From the Marshall Circuit Court.

*A. B. Capron, A. C. Capron* and *M. Nye,* for appellant.
*T. W. Woollen,* Attorney General, for the State.

HOWK, C. J.—At the October term, 1877, of the Marshall Circuit Court, an indictment of a single count was returned into court against the appellant. In this indictment it was

charged, in substance, that the appellant, "Richard Um-phrey, did then and there, on the 27th day of April, 1877, at the county of Marshall and State of Indiana, feloni-ously steal, take, ride and drive away one dark brown horse, of the value of one hundred dollars, the personal goods and chattels of Amos B. Peters, then and there be-ing found, contrary to the form of the statute," etc.

The appellant waived an arraignment on said indict-ment, and for plea thereto said that he was not guilty.

The issues joined were tried by a jury, and a verdict was returned, finding the appellant guilty, as charged in the indictment, and assessing his punishment at imprisonment in the state-prison for the term of two years, a fine of seventy-five dollars, and disfranchisement, etc., for the term of three years. And the appellant's written motion for a new trial having been overruled, and his exception saved to such decision, judgment was rendered on the ver-dict.

The only alleged error, properly assigned by the appel-lant in this court, is the decision of the circuit court, in overruling his motion for a new trial.

As necessary to a proper understanding of this cause and of our decision thereof, we give a summary of the facts shown by the evidence set out in the record. The ap-pellant was a youth of twenty years of age, the son of a widow. He had lived in Marshall county for about three years, and had worked for a considerable time, as a hired laborer, for Amos B. Peters, the owner of the horse charged to have been stolen. Some two days before the day on which it was alleged that he had stolen said horse, the appellant had been arrested by a constable in said county, on a charge of petit larceny. The constable had treated him kindly, and had kept him for two days in cus-tody, without committing him to jail. In the evening of April 27th, 1877, his trial on the charge of petit larceny

resulted in his acquittal, or rather his discharge from custody, on that charge. After the trial, the constable advised him to leave the country for a while. That night the horse described in the indictment was taken from the stable of its owner, Amos B. Peters, and also a bridle and halter.

Two days afterward, the appellant was arrested in Miami county, in this State, charged with the larceny of the horse. The only evidence introduced on the trial, which tended to connect the appellant with the taking of the horse, was his own statements or confessions, after his arrest and while he was in custody. At first, he denied the taking of the horse; but subsequently, on the same day, he stated that he had taken the horse from the stable of its owner, about nine o'clock in the evening,—had travelled on it all night, in going to Miami county, where he had formerly lived,—and that, about daylight of the ensuing morning, he had dismounted from the horse, and, fastening up the bridle and halter reins, he had turned the horse loose, and started him back toward the home of his owner, Amos B. Peters, fully believing and expecting the horse would find his way there. The appellant informed Mr. Peters of the place where he had turned the horse loose and started him back homewards; and in the vicinity of that place, Peters found his horse, bridle and halter. Peters testified that the appellant " always said that he had just taken my horse to ride, and that he thought, when he turned him loose, that he would go directly home, without any trouble."

There was no evidence introduced on the trial, from which it could be reasonably inferred, as it seems to us, that the appellant had taken the horse for any other or different purpose, or with any other or different intent, than the purpose or intent indicated and expressed by him in all his statements or confessions, given in evidence. Not

a fact was established by the evidence, from which it might be fairly inferred, that, when the appellant took the horse, or at any time afterwards, he ever intended to deprive Amos B. Peters of his horse, or to convert such horse to his own use. In other words, the felonious intent, which is an essential element in every larceny, was not shown by the evidence; nor was any fact established, from which such felonious intent could be fairly and reasonably inferred. The evidence failed to show, as we read it, that, in the taking of the horse of Amos B. Peters, the appellant was guilty of a larceny. To constitute this offence, the taking must be felonious, and the felonious intent must exist at the time of the taking. *Keely* v. *The State*, 14 Ind. 36; *Hart* v. *The State*, 57 Ind. 102; Bicknell Crim. Prac. 329. At most, it seems to us, the appellant was a trespasser, in the taking of the horse.

We are constrained to say, that the verdict of the jury in this case, in our opinion, was contrary to law, and was not sustained by any sufficient evidence. The court erred, we think, in overruling the appellant's motion for a new trial.

The judgment is reversed, and the cause is remanded for a new trial. The clerk of this court will issue the proper notice to the warden of the state-prison, for the appellant's return to the sheriff of Marshall county.