## STARCK v. THE STATE.

CRIMINAL LAW.—*Larceny of Estray.—Felonious Intent.*—In order to constitute a larceny of an estray, converted by the finder to his own use, the felonious intent to misappropriate must have existed at the time he took the estray into his possession.

SAME.—*Intent Subsequently Formed.—Instruction.*—The defendant in such case has a right to have the jury trying the case instructed, that, if the felonious intent was formed after he had taken possession of the estray, he was not guilty of larceny.

From the Pulaski Circuit Court.

*W. Spangler*, for appellant.

*T. W. Woollen*, Attorney General, for the State.

WORDEN, J.—The appellant was indicted in the court below for the larceny of a heifer, and, upon trial, was convicted of the offence.

The facts appear to have been, that the heifer was a stray animal, that came to the premises of the appellant in the Spring of 1877, and herded to some extent with his cattle. He drove her away, but she came back, and he fed her with his cattle. Finally, in June of that year, he killed the heifer, and appropriated her to his own use.

There did not appear to have been any marks upon the heifer, from which he could have ascertained her ownership; nor did it appear that the appellant knew or could have ascertained her ownership by reasonable inquiry.

The appellant asked the court to charge the jury as follows:

" If the jury find, from the evidence, that the property mentioned in the indictment was an estray, and that, at the time the same came into the possession of the defendant by finding it or letting it run with his cattle, and taking care of it with his cattle, and at the time he first got possession of it, he did not intend to steal it, but that the intention to steal it came upon him afterward, and, in pursuance of this intention, formed after he first got it, he did kill and convert the same to his own use, this would not constitute larceny, and in that case your verdict should be for the defendant."

This charge the court refused, but gave the following:

" That, if the jury believe, from the evidence, beyond a reasonable doubt, that, at the very time the defendant took possession of the animal described in the indictment, he intended to steal it and convert it to his own use, [and] did, in pursuance of such intention, kill and convert the same to his own use, all the other material allegations having been made out, this would make the defendant guilty of either grand or petit larceny, according to the value."

It is claimed by counsel, that larceny could not have been committed, under the circumstances. Where the finder of goods (not stray animals) does not know the owner, and has nothing to indicate who the owner may be, or where he may be found, his appropriation of the goods will not be larceny, even though he has not advertised the goods. And the mere fact that he had secreted the goods, or denied finding them, will not make it larceny. *Bailey* v. *The State,* 52 Ind. 462.

But it is said in 2 Wharton Crim. Law, sec. 1799, that " The rule, that larceny is not committed by one who finds goods, the owner of which he supposes can not be ascertained, does not apply to one who finds cattle at large in a high-

way and converts them to his own use." The authorities cited are : *People* v. *Kaatz*, 3 Parker C. C. 129 ; *The State* v. *Martin*, 28 Mo. 530 ; *The State* v. *Williams*, 19 Mo. 389. It is said, in the same section, that " It is larceny to take a horse found astray on the taker's land, with intent to conceal it until its owner shall offer a reward for its return, and then to return it, and claim the reward." *Commonwealth* v. *Mason*, 105 Mass. 163. See also *Regina* v. *O'Donnell*, 7 Cox C. C. 337.

We find it unnecessary to, pass upon the question, for the purposes of the case. We think it abundantly clear, that, in order to constitute larceny, the appellant must have intended to appropriate the animal to his own use, at the time he first took possession of it ; and that a conversion in pursuance of a subsequently formed intention would not make him guilty of larceny. *Regina* v. *Matthews*, 12 Cox C. C. 489 ; S. C., 6 Eng. Rep., Moak's Notes, 329 ; *Umphrey* v. *The State*, *ante*, p. 223.

The charge given by the court was correct ; but it stated only one side of the proposition. The court said to the jury, in substance, that, if the appellant, at the very time he took possession of the animal, intended to steal it and convert it to his own use, that would constitute larceny. Perhaps the jury might well have inferred from the charge, that, *unless* the felonious intent was formed at the time the appellant took possession of the animal, the conversion would not amount to larceny. But we think the appellant had the right to have the jury so informed, in express terms, so that the point of law would not be left to inference or conjecture. The charge, that, if the felonious intent was formed at the time the appellant took possession of the animal, the conversion would constitute larceny, did not necessarily carry with it the conclusion, that, if it was not then formed, but afterward, the conversion would not amount to larceny.

The jury were the judges of the law and the facts; and when they retired for consultation they may have said, "The court has advised us as to the effect of the formation of the felonious intent at the time the defendant took possession of the animal, but has said nothing about the effect of the formation of that intent afterward. We can not see that it makes any difference when the intent to steal was formed, if it was formed and executed."

We think the court erred in refusing the charge asked.

Besides, the evidence is quite unsatisfactory upon the point of the felonious intent at the time the animal came into the defendant's possession.

The judgment below is reversed, and the cause remanded for a new trial.

NOTE.—The clerk will give the proper notice for the return of the prisoner.