Filed March 8, 1887.

---

No. 13,548.

## PENCE v. THE STATE.

CRIMINAL LAW.—*Exceptions.*—*Bill of Exceptions.*—Errors of law occurring at the trial, in a criminal prosecution, must be excepted to at the time the decision is made; and exceptions so taken will constitute a part of the record if shown by a bill of exceptions, signed by the judge and filed by the clerk at or before the time the judgment is rendered, or within such time thereafter as the court may allow, not exceeding sixty days.

SAME.—*Larceny.*—*Intent.*—*Malicious Trespass.*—*Evidence.*—For evidence tending to show an intent to remove and maliciously destroy personal property of another, but held not sufficient to authorize the inference of a felonious intent to steal the same, see opinion.

From the Clinton Circuit Court.

*F. F. Moore* and *W. H. Russell,* for appellant.

*L. T. Michener,* Attorney General, *J. H. Gillett, W. A. Staley,* Prosecuting Attorney, and *W. R. Moore,* for the State.

HOWK, J.—In this case, the affidavit and information, upon which appellant was prosecuted, contained two counts.

The first count charged "that George Pence, on the 11th day of September, 1886, at the county of Clinton, in the State of Indiana, did then and there unlawfully, mischievously and maliciously injure, and cause to be injured, a certain buggy, the property of Henry D. Snyder, of the value of forty dollars, by then and there unlawfully, mischievously and maliciously burning and destroying said buggy."

The second count charged "that George Pence, on the 11th day of September, 1886, at the county of Clinton, in

the State of Indiana, did feloniously steal, take and carry away one buggy, of the value then and there of forty dollars, the personal property, goods and chattels of one Henry D. Snyder."

The cause was tried by a jury, and a verdict was returned finding appellant guilty, as charged in the second count of the affidavit and information, and assessing his punishment at confinement in the State's prison for two years, that he be fined in the sum of $40, and that he be disfranchised and rendered incapable of holding any office of trust or profit, for two years. Over appellant's motion for a new trial, the court rendered judgment against him upon and in accordance with the verdict.

The first error, of which appellant complains, is the overruling of his motion for a new trial.

The point is made by the attorney general, on behalf of the State, that the bill of exceptions has not been made a part of the record of this cause in such manner as that we can consider it or determine any question in the case, which depends for its proper decision upon the evidence introduced on the trial and set out in such bill. If this point be well made, of course we can decide no question which is presented by, or arises under, the alleged error of the court in overruling the appellant's motion for a new trial.

In section 1847, R. S. 1881, in force since September 19th, 1881, it is provided that all bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered; and they must be signed by the judge and filed by the clerk. The exceptions must be taken at the time of the trial.

In *Bruce* v. *State*, 87 Ind. 450, in construing this section of our criminal code, the court said: "We are of the opinion that, under a fair and reasonable construction of section 1847, R. S. 1881, errors of law occurring at the trial,

in a criminal prosecution, must be excepted to at the time the decision is made, upon the trial of the cause by the court or jury, and that the exceptions thus taken will constitute a part of the record if they are shown by a bill or bills of exceptions, signed by the judge and filed by the clerk at or before the time the judgment is rendered, or within such time thereafter as the court may allow, not exceeding sixty days." This construction of section 1847, *supra*, has since been approved in the following cases: *Calvert* v. *State*, 91 Ind. 473; *Sturgeon* v. *Gray*, 96 Ind. 166; *Hunter* v. *State*, 101 Ind. 406; *Hunter* v. *State*, 102 Ind. 428; *Barnaby* v. *State*, 106 Ind. 539.

In the case under consideration, it is shown by the record that, on the 14th day of October, 1886, appellant's motion for a new trial was overruled by the court, to which ruling he excepted; "and it is ordered that the motion for a new trial and affidavits embraced therein, and in support thereof, are made parts of the record, and, on defendant's motion, leave is given him to file his bill of exceptions within sixty days." Thereafter, on the same day, the court rendered judgment against appellant, upon and in accordance with the verdict of the jury. It is further shown by the record of this cause, that afterwards, on the 17th day of November, 1886, and within the sixty days allowed by the court, appellant filed with the clerk of the court below his bills of exceptions herein, which had been duly presented to and signed by the proper judge of such court. We are clearly of the opinion that the bills of exceptions, thus signed and filed within the time allowed by the court, became and were proper parts of the record of this cause, and must be so considered by us in determining the several questions presented herein for our decision.

In discussing the questions arising under the alleged error of the court below, in overruling the motion for a new trial, appellant's counsel earnestly insist that the verdict of the

jury is not sustained by any sufficient evidence, and is contrary to law. We fully concur with appellant's learned counsel, in their view of the verdict. There is no evidence whatever in the record of this cause, which, in our opinion, authorized or justified the verdict of the jury that appellant was guilty, as charged in the second count of the affidavit and information. The verdict rests upon the testimony of three witnesses, namely: Henry D. Snyder, the prosecuting witness, and Robert Houser and Martin Hughes. The substance of Snyder's testimony was, that he and appellant were partners in building cisterns and digging wells, but they quarrelled in a few days, and appellant cursed him and threatened to give him his "medicine," to get even with him, and that he should suffer; that he, Snyder, owned a top buggy, with piano bed and springs, which was in Eli Snyder's wagon-shed, half a mile back of town, and appellant knew it was there; that the buggy was taken from such shed through Eli Snyder's barn-lot, and then west through the lane and out into another man's clearing, and was there burned up, except two wheels and the shafts, and the iron-work of the buggy; and that such buggy was fairly worth the sum of $40, and was so damaged by being burned that it was of no account whatever.

Robert Houser testified, that about two o'clock P. M. on Tuesday, August 31st, 1886, appellant came to him, Houser, Mr. Hughes and Mr. Mitten, at the depot, "and he said he had a scheme working, and I asked what it was, and he said to take Mr. Snyder's buggy out of the shed and out to the clearing, and burn it. He said he had some clothes over there, and he just planned how to go and get the buggy out and everything. He said, we had to pull one wagon out, and then back the buggy out between the wagon-shed and the barn, and then pull it out between the shed and the wagon, and out of the gates up to the clearing, and there burn it, and he said he would furnish the coal oil."

Martin Hughes testified as follows: "We went up to the

depot and were sitting on the platform, when he (appellant) came up and said : 'Boys, I have a scheme,' and we asked him what it was. Then he went away, and he came back in a little while, and said he had a scheme about fixing a fellow's buggy ; and he said, he and Snyder took a job of digging a well and cistern, and that they had got them dug all but about twenty feet, and that a tile fell on Snyder and hurt him, and then he told Mr. Pence (appellant) to come and go to work on Monday, and Mr. Pence didn't go, and he (Snyder) went and hired another man, and Mr. Pence got hot about it, and he wanted us to burn the buggy, to take it out and burn it, and that was all that was said about it."

This was substantially all the evidence, upon which appellant's conviction of the felony, charged in the second count of the affidavit and information, can possibly be rested. If it be conceded that, in the absence of other evidence, the testimony quoted would have been sufficient to connect appellant with the malicious trespass charged in the first count, it is very clear, we think, that such testimony will not warrant his conviction of the larceny, charged in the second count of the affidavit and information. If it be conceded that the State's evidence quoted authorized the jury to believe and find, that appellant took and carried away the buggy from the wagon-shed to the clearing, it is certain, as it seems to us, that the same evidence absolutely precluded the jury from finding that the buggy was so taken and carried away with the felonious intent, the *animus furandi*, which is an essential and inseparable ingredient in every larceny, and in the absence of which there can be no larceny. *Umphrey* v. *State*, 63 Ind. 223 ; *Starck* v. *State*, 63 Ind. 285 ; *Lamphier* v. *State*, 70 Ind. 317 ; *State* v. *Wingo*, 89 Ind. 204.

Each one of the State's witnesses, the substance of whose evidence we have given, and especially the prosecuting witness, Snyder, has testified explicitly to the express and specific intent of appellant, in taking, removing and burning Snyder's buggy ; and that intent was to get even with Snyder, for a

real or imaginary wrong, not by the stealing, but by the malicious injury or destruction, of Snyder's buggy.   In such a case, and upon such evidence, there is no possible room for the inference even, by court or jury, of the necessary felonious intent on the part of appellant, or of any other or different intent on his part than the one shown by such evidence. It follows, therefore, that the verdict of the jury in this cause was not sustained by any sufficient evidence, and, of course, was contrary to law ; and for these causes appellant's motion for a new trial was well taken, and ought to have been granted.

The judgment is reversed, and the cause is remanded for a new trial.

The clerk will issue the proper notice to the warden of the proper prison for the return of appellant to the sheriff of Clinton county.

