Robinson v. The State.

Filed March 1, 1888.

No. 14,046.

ROBINSON v. THE STATE.

CRIMINAL LAW.— *Larceny.*— Larceny is committed whenever a person wrongfully takes and carries away the personal goods of another, without any pretence of right, with a felonious intent on the part of the taker to deprive the owner of them or to appropriate them to his own use.

SAME.—*Intent.*—*Evidence.*—Wrongfully taking the property of another, without the owner's consent and with no apparent purpose of returning it, is, in the absence of explanatory circumstances, evidence of an intent to deprive the owner of his property, and a finding of guilty upon such evidence will not be disturbed on appeal.

SAME.—*Repentance.*—Where property has been secretly and clandestinely taken, no other motive appearing, the inference may properly arise that it was taken feloniously; and, if the taking was felonious in the first instance, repentance, no matter how soon it may have followed, may mitigate but it will not annul the offence.

SAME.— *Weak-Mindedness.*—*Intoxication.*—The facts that the defendant is weak-minded, and that at the time of the taking he was voluntarily in a state of intoxication, may be considered as bearing upon the intent, but, there being no evidence of mental unsoundness, of themselves they furnish no substantive defence against a felonious taking.

From the Bartholomew Circuit Court.

*M. Hacker, W. F. Strickland, J. W. Morgan* and *T. C. Ahern,* for appellant.

*L. T. Michener,* Attorney General, and *J. H. Gillett,* for the State.

MITCHELL, C. J.—Robinson was indicted and found guilty of petit larceny. It is now urged on his behalf that the evidence did not justify the finding.

It appears from the evidence that the appellant was about twenty-six years old at the time of the alleged larceny; that he was somewhat addicted to drink, and, at the best, not very bright intellectually, and that he had formerly been employed by Mr. Chambers, the owner of the property alleged to have been stolen. The evidence tends to show that, on the night of the 25th of July, 1887, the defendant went into Chambers' barn, and without his knowledge or consent took therefrom a certain pony, together with a saddle, bridle and blanket, all belonging to Jacob Chambers, and that he was found the next day some twenty-five miles distant with the above mentioned property in his possession.

There was testimony tending to show that the appellant had been drinking on the day preceding the night on which the property was taken, and a witness testified that the appellant had a disposition to ride around in an aimless sort of way when under the influence of drink.

Some of the witnesses spoke of the appellant as being weak-minded, and others said he was not very bright, especially when under the influence of drink, but it did not appear that he was, either from drink or any other cause, to any degree, mentally unsound.

The appellant testified, in his own behalf, to the effect that he was very much intoxicated at the time, and had no knowledge or recollection whatever of the manner in which he became possessed of Chambers' property. There was other evidence, however, which rendered this fairly questionable. He claimed that upon regaining consciousness on the next morning after the property was taken, he found himself in Shelbyville in possession of the pony and other property, and that he immediately, after taking more drink, started to return, and that he was arrested on the outskirts of Shelby-

ville, with the property in his possession, while on his way back.

The court below, after hearing the defendant's account of the matter from his own lips, and with all the other evidence before it, adjudged him guilty, as charged. Looking into the record, we can not say that the finding is not supported by the evidence.

It is true, as is contended, that an essential ingredient in the crime of larceny is the existence at the time of the taking of a felonious intent to deprive the owner of his property against his will, yet whether or not such an intent existed is a question for the determination of the court or jury trying the cause. If there is evidence from which such an intent can fairly be inferred, an appellate court is not authorized to disturb a finding that such an intent existed. Larceny is committed whenever a person wrongfully takes and carries away the personal goods of another, without any pretence of right, with the felonious intent to deprive the owner of them, or to appropriate them to his—the taker's—own use. *State* v. *South*, 4 Dutch. 28.

The taking and carrying away are felonious or not, depending upon whether the taker intended at the time permanently to deprive the owner of his property without his consent, or whether he merely intended temporarily to use it wrongfully, mischievously or wantonly, it may be, and then return or abandon it to the owner, without substantial injury. Taking, though wrongful, for a mere temporary purpose, is not larceny. *Umphrey* v. *State*, 63 Ind. 223; *Starck* v. *State*, 63 Ind. 285; *State* v. *Wingo*, 89 Ind. 204; 1 Whart. Crim. L., section 885.

Wrongfully taking the property of another, without the owner's consent, and with no apparent purpose of returning it, is, in the absence of explanatory circumstances, evidence of an intent to deprive the owner wholly of his property, and a finding of guilty upon such evidence will not be disturbed. *State* v. *Davis*, 38 N. J. 176.

If it appears that property has been taken and carried away

as an incident merely to the commission of some other substantive offence, such taking may not constitute larceny, even though by the commission of the principal offence the owner has been deprived of his property. *Pence* v. *State*, 110 Ind. 95.

Where, as in the present case, property has been secretly and clandestinely taken, no other motive appearing, the inference may properly arise that it was taken feloniously, and if the taking was felonious in the first instance, repentance, no matter how soon it may have followed, nor how much it may mitigate the crime, does not deprive it of its felonious character nor annul the offence. 1 Bishop Crim. Law, section 208*a*.

That the goods were returned, or that the appellant was apparently on the way to return them, was proper to be considered as indicative of an intent in the first instance not permanently to deprive the owner of his property, but this may have been overborne by circumstances showing an original intent to defraud. 1 Whart. Crim. L., section 887.

That the defendant was weak-minded, there being no evidence of mental unsoundness, and that he may have been voluntarily in a state of intoxication, were matters proper to be considered as bearing upon the intent with which he took the property. Of themselves, however, they furnish no substantive defence against a felonious taking. *Wartena* v. *State*, 105 Ind. 445.

The judgment is affirmed, with costs.

Filed March 1, 1888.