## MALONE v. THE STATE.

[No. 21,028. Filed October 9, 1907.]

1. LARCENY.—*Felonious Intent.*—*Evidence.*—Proof of felonious intent is necessary to establish larceny, but such proof may be direct or circumstantial, the requisite being that it shall remove all reasonable doubt of guilt from the minds of the jury.  p. 73.

2. SAME.—*Evidence.*—*Sufficiency.*—A conviction for larceny is justified where the evidence shows that defendant, without permission, at 6:30 o'clock, p. m., took the prosecuting witness's horse and buggy and drove away hurriedly, and, when caught, explained that he was going to the next town to look for work, and that he then intended to release the horse, the evidence further showing that he was a stranger and had been wandering around in the city during the whole of the afternoon.  p. 74.

3. TRIAL.—*Larceny.*—*Verdict.*—*Infants.*—Under §8310 Burns 1901, Acts 1883, p. 19, §8, the jury, in a prosecution for larceny against a boy fourteen years old, may return a verdict of guilty, and assess therewith his confinement in the Indiana Boys' School until he attains twenty-one years of age.  p. 74.

4. SAME.—*Verdict.*—*Form.*—*New Trial.*—Defects in the form of a verdict cannot be reached by a motion for a new trial.  p. 75.

From Marshall Circuit Court; *Harry Bernetha*, Judge.

Prosecution by the State of Indiana against Harry Malone. From a judgment of conviction, he appeals. *Affirmed.*

*Adam E. Wise*, for appellant.

*James Bingham*, Attorney-general, *Edward M. White, Henry M. Dowling, A. G. Cavins* and *John A. Malter*, Prosecuting Attorney, for the State.

HADLEY, C. J.—It appears, chiefly from appellant's testimony, that on August 27, 1906, he arrived in Plymouth about noon. He was fourteen years old, and had, a few months before, spent a few weeks in the city. He lounged about the streets during the afternoon, and at 6:30 o'clock in the evening, without the permission of, or acquaintance with, the owner, untied the prosecuting witness's horse from a rack in the street where it was tied, and drove out

of town in the direction of Culver. Appellant observed no person passing in the street at the time he untied the horse and drove away. The prosecuting witness, after considerable inquiry, learned that the horse and buggy had been driven westward in the direction of Culver, and forthwith procured the sheriff to follow in pursuit, who overtook appellant, in possession of the property, about two miles beyond the village of Hibbard. Appellant was taken into custody and the property returned to the owner. Upon these facts appellant was charged with and found guilty of a larceny of the horse and buggy, and, as a part of its verdict, the jury directed that appellant be committed to the Indiana Reform School for Boys until he reach the age of twenty-one years. In this court appellant assigns as error the overruling of his motion for a new trial for the reasons that the verdict was contrary to law and to the evidence.

It is claimed that the evidence shows a total absence of felonious intent in the taking of the property. We concede that it was essential to conviction for the State

1. to prove the existence of felonious intent at the time of the taking—that is, an intent to deprive the owner of his property against his will (*Robinson* v. *State* [1888], 113 Ind. 510)—but the State was not required to establish such intent by direct and positive evidence. It was sufficiently proved if the jury was satisfied of its presence, beyond a reasonable doubt, from the other facts and circumstances appearing in the case. *Padgett* v. *State* (1885), 103 Ind. 550; *Hart* v. *State* (1877), 57 Ind. 102. In the latter case the following is quoted with approval from 2 Archbold, Crim. Proc. (8th ed., by Pomeroy), *365: "In all cases of larceny, the questions—whether the defendant took the goods knowingly or by mistake; whether he took them *bona fide* under a claim of right, or otherwise; and whether he took them with an intent to return them to the owner, or to deprive the owner of them altogether, and to

appropriate or convert them to his own use—are questions entirely for the consideration of the jury, to be determined by them upon a view of the particular facts of the case.''

The appellant testified that he took the horse and buggy to ride to Culver in search of a job, and that he intended to turn the horse loose as soon as he found a job.

2. But he also admitted that he had spent, in Culver, the forenoon of the day he took the horse, doing nothing but "monkey" about the lake. He further testified that he did not know the road he was traveling led to Culver; neither had he inquired of any one he met where the road led to. His statement, that when he took the horse, and afterwards, he intended to abandon him as soon as he found a job, was supported by no evidence other than his naked declaration after his arrest. And as against such bare statement we think the jury was justified in finding the existence of felonious intent. *Larkin* v. *State* (1904), 163 Ind. 375; *Williams* v. *State* (1905), 165 Ind. 472, 2 L. R. A. (N. S.) 248.

As a second reason for a new trial, it is urged that the verdict is fatally defective, because the jury, as a part of the verdict, designated the extent and character of

3, punishment, contrary to the provisions of the statutes. The verdict is in these words:

"We, the jury, in the above cause, find the defendant, Harry Malone, guilty of grand larceny, as charged in the affidavit, *and that he be committed to the Indiana Reform School for Boys until he reach the age of twenty-one years.*"

The only objection made to the form of the verdict is confined to the words in italics. Section 8310 Burns 1901, Acts 1883, p. 19, §8, expressly provides that in a case like this "the court or jury trying the same may commit said boy to this institution [Indiana Reform School for Boys] instead of the jail of the county or State's prison.'' There is, therefore, nothing wrong in the form of the verdict. See, also, §8310a Burns 1905, Acts 1903, p. 251.

It is manifest that the appellant at the time did not regard the verdict as harmful, since he omitted all the ordinary and proper motions to reach such defect, and

4. sought only to make such irregularity available as a cause for a new trial. In this he must fail. It has for many years been held by this court that a motion for a new trial cannot properly be extended to reach a defect in the form of a verdict. *Bohr* v. *Neuenschwander* (1889), 120 Ind. 449; *Thayer* v. *Burger* (1885), 100 Ind. 262; *Bell* v. *State* (1873), 42 Ind. 335; *Bosseker* v. *Cramer* (1862), 18 Ind. 44.

Judgment affirmed.