## MICHIGAN COMMERCIAL INSURANCE COMPANY OF LANSING, MICHIGAN, v. WILLS.

[No. 8,456. Filed November 20, 1914.]

1. TRIAL.—*Findings.*—*Effect.*—Where the facts are specially found, a failure to find a fact essential to plaintiff's right of recovery is equivalent to a finding against the existence of such fact. p. 258.
2. INSURANCE.—*Theft Insurance.*—*Liability.*—*"Robbery".*—*"Theft".* —*"Pilferage".*—Under a policy of insurance on an automobile against loss or damage by "theft, robbery or pilferage", plaintiff can not recover on a finding of facts showing that his automobile was wrongfully taken for the purpose of a "joy-ride", but not disclosing any intention to steal it, since an intent to steal is a requisite element of either a "theft", "robbery" or "pilferage", and such words in an insurance policy are to be given their ordinary significance. p. 258.

From Clinton Circuit Court; *LeRoy B. Nash,* Judge.

Action by Herbert F. Wills against the Michigan Commercial Insurance Company of Lansing, Michigan. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Robert C. Hillis, Thomas O. Bradfield, Harry C. Sheridan* and *Earl F. Gruber,* for appellant.

*Joseph P. Gray,* for appellee.

HOTTEL, J.—This is a suit by appellee against appellant on a policy of insurance by which appellee's automobile was insured against "loss or damage in excess of $25, on each occasion of theft, robbery or pilferage by persons other than those in the employment, service or household of the as-

sured." There was a trial by the court and a special finding on which the court stated its conclusion in appellee's favor and rendered judgment accordingly.

An exception to the conclusion of law presents the controlling question relied on for a reversal of such judgment. The court finds among other facts the following in substance: On the —— day of July, 1910, appellee's automobile was insured by appellant company. A copy of the policy is set out in the finding and contains the clause quoted above. Appellee kept his car in Moore & Carter's garage at Logansport, Indiana. About 8 o'clock in the evening on said day one John Obenchain in company with other boys took said automobile out of said garage for a joy-ride and ran it to the city of Peru, Indiana, and when at a point about six miles west of said city drove it into a fence and wrecked it, and abandoned the same and left it where it was broken and wrecked. At the time said Obenchain took said automobile he was not in the employment of the plaintiff or any member of his family and was not a member of his family or household and had no authority or the permission of any one to take said automobile, but took it for his own use and benefit, and for the purpose of a joy-ride. Said Obenchain took the car unlawfully from the garage and at the time he so took it he had no right or authority to take it, but took it without the permission of any person or persons having its custody or care, or having authority to give him permission to take it. He took it for the purpose of using it for his own use and benefit, and plaintiff was damaged by the wrongful taking and conversion of said automobile and the injury thereto by said Obenchain in the sum of $226.50. Other parts of such finding are not involved in the consideration of the question before us and are therefore omitted. On this finding of facts the court stated as its conclusion of law "that the plaintiff is entitled to recover of and from the defendant herein the sum of $226.50."

The question which we are called on to determine is: Do the facts found by the court authorize the conclusion that appellee suffered a loss to his automobile within the meaning of the clause of such policy heretofore set out? It will be observed that the court makes no express finding that such automobile was stolen or that it was taken with intent to deprive the owner thereof. An absence of such finding is a finding against the appellee. *Mug* v. *Ostendorf* (1911), 49 Ind. App. 71, 96 N. E. 780. We find no decisions of our own State where this precise question has been decided, but in a recent case (*Hartford Fire Ins. Co.* v. *Wimbish* [1913], 12 Ga. App. 712, 78 S. E. 265), a policy containing a clause almost identical with the one here involved was construed. After quoting the general rule for the construction of contracts, and several definitions of the words, "theft", "robbery", and "pilfering", the court there said: "One can not be convicted of either theft, robbery, or pilferage, unless he had the intent to steal. And we know of no authority for giving any different meaning to these words in a contract of insurance wherein it is stipulated that the company will be liable for loss or damage to an automobile, resulting from 'theft, robbery or pilferage'. Under this contract, if the thief carries away a machine with intent to steal it, and it is never recovered, and loss occurs, the owner may recover the full value of the automobile. If the thief be apprehended and the machine recovered, then the owner is entitled to recover for whatever damage has been done the machine if it exceeds $25. But in both cases it must appear that the person taking the machine intended to steal it. If he had the *animus revertendi,* he is not guilty of theft, or robbery, or pilferage, even though he took the machine without the owner's consent." Such holding is fully supported by the decisions of our Supreme Court. *Malone* v. *State* (1907), 169 Ind. 72, 81 N. E. 1099; *Stillwell* v. *State* (1900), 155 Ind. 552, 58 N. E. 709; *Robinson* v. *State* (1888), 113

Ind. 510, 16 N. E. 184; *Umphrey* v. *State* (1878), 63 Ind. 223; *Starck* v. *State* (1878), 63 Ind. 285, 30 Am. Rep. 214. See, also, *People* v. *Brown* (1894), 105 Cal. 66, 38 Pac. 518.

The facts in this case as in the case quoted from are sufficient to rebut any inferred intent that might be included in the unlawful taking. Indeed, in this case the finding, both by implication from the affirmative facts found and because of the absence of an express finding on said subject, is in effect a finding against appellee on said essential element of his right of recovery. It follows that the conclusion of law stated on the special finding of facts is contrary to law and that the judgment should be reversed.

Judgment reversed.

NOTE.—Reported in 106 N. E. 725. As to insurance covering automobiles, or indemnifying against injury, or liability for injury, caused thereby, see 44 L. R. A. (N. S.) 70; 51 L. R. A. (N. S.) 583. As to what losses the insurer is liable for, see 36 Am. St. 852. See, also, under (1) 38 Cyc. 1924.