PHOENIX ASSURANCE COMPANY, LIMITED, OF LONDON, A CORPORATION, *Plaintiff in Error,* v. MRS. JENNIE EPPSTEIN AND HER HUSBAND M. H. EPPSTEIN, *Defendants in Error.*

Opinion Filed May 5, 1917.

1. Where a policy of insurance indemnifies the owner of an automobile against loss or damage occasioned by theft, robbery, or pilferage, the owner cannot, under this clause of the

policy, recover for damage to a machine which had been taken by another and used without the consent of the owner, but without any intent to steal.

2. Theft is synonymous with larceny and the intent to steal is a necessary ingredient of the offense.

3. In action upon a policy of insurance which indemnifies the owner of an automobile against loss or damage occasioned by theft, robbery, or pilferage by any person or persons other than those in the employment, service or household of the insured, it is incumbent upon the plaintiff to prove his case by a preponderance of the evidence. It is essential to a re-covery that the evidence adduced establishes that the damage to the automobile was occasioned by the taking of the same by some person not in the employment, service or household of the insured, without the consent of the owner, and with the intent to permanently deprive the owner of his property.

4. Where the verdict rendered by a jury is manifectly contrary to the charge of the court, to the law and to the evidence, the judgment must be reversed and a new trial awarded.

Writ of Error to Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment reversed.

*Cockrell & Cockrell,* for Plaintiff in Error;

*D. M. Gornto,* for Defendants in Error.

SHACKLEFORD, J.—This is an action on a policy of insurance issued by the defendant assurance company to Mrs. Jennie Eppstein, by the terms of which the defend-ant insured such plaintiff in the sum of $1500.00 against loss or damage by fire on a certain described automobile owned by such plaintiff, which policy also contained a provision of insurance "against loss or damage by theft,

robbery or pilferage in excess of $25.00, (each accident being deemed a separate rate claim and said sum being deducted from the amount of each claim when determined), by any person or persons other than those in the employment, service or household of the insured." The declaration contains the following allegation: "On the 19th day of May, A. D. 1914, the said automobile so assured and in the said policy described, was stolen from the garage in which it was kept by the said Mrs. Jennie Eppstein and was injured and damaged by such theft, robbery and pilferage, so committed, as the plaintiffs allege, by some person or persons other than any person or persons in the employment, service or household of the assured; and damage and loss was thereby occasioned to the said Mrs. Jennie Eppstein in the amount of Fourteen Hundred Seventy-five Dollars, in such circumstances as to come within the promise and undertaking of the said policy of insurance so issued as aforesaid."

A copy of the insurance policy is attached to the declaration. The defendant filed the following pleas:

"Comes now the defendant, by its attorneys, Cockrell & Cockrell, and for its plea to the declaration in the above entitled cause denies that the said automobile, described in the policy attached to the declaration, was stolen by some person or persons other than any person or persons in the employment, service or household of said Mrs. Jennie Eppstein from the garage in which said automobile was kept by Mrs. Jennie Eppstein.

"2.  And for a second plea defendant denies that the automobile, described in the policy of insurance attached to the declaration, was stolen from Mrs. Jennie Eppstein.

"3.  And for a third plea defendant says that at the time the automobile described in the policy of insurance

attached to the declaration is alleged to have been injured, it was in the control and custody of a person in the employment of said Mrs. Jennie Eppstein.

"4.   And for a fourth plea defendant says that at the time when the automobile described in the policy of insurance attached to the declaration is alleged to have been injured, it was then and there in the custody of and being driven by one Johnnie Johnson, a negro chauffeur, and said Johnnie Johnson was then and there the regularly employed chauffeur of said Mrs. Jennie Eppstein."

The plaintiffs joined issue upon these pleas and a trial was had before a jury, which resulted in a verdict in favor of the plaintiffs for the sum of $900.00, with interest at eight per cent per annum from the 11th of August, 1914, upon which verdict a judgment was duly rendered and entered, which judgment has been brought here for review.

Several errors are assigned, but we shall confine ourselves to the consideration of the assignment based upon the overruling of the motion for a new trial, the first three grounds of which are that the verdict is contrary to the charge of the court, contrary to law and contrary to the evidence.   The construction of the clause of the insurance policy relating to the loss of or damage to the automobile "by theft, robbery or pilferage" is presented to this court for the first time, though the courts in several other jurisdictions have had occasion to deal with it.   It was held in Hartford Fire Insurance Co. v. Wimbish, 12 Ga. App. 712, 78 S. E. Rep. 265:

"Words used in a policy of insurance are to be given their ordinary and usual signification unless the context requires a different construction.

"Where a policy of insurance indemnifies an owner of an automobile against loss or damage occasioned by theft,

robbery, or pilferage, the owner cannot, under this clause of the policy, recover for damage to a machine which had been taken by another and used without the consent of the owner, but without any intent to steal.

"At common law, and under the statutes of this state, theft is synonymous with larceny. The word 'robbery' as used in the contract sued on, should be given the same meaning as that set forth in the Penal Code of this State. 'Pilferage' is petty larceny. The intent to steal is a necessary ingredient in all three offenses." Also see Michigan Commercial Insurance Co. v. Wills, 57 Ind. App. 256, 106 N. E. Rep. 725; Stuht v. Maryland Motor Car Insurance Co., 90 Wash. 576, 156 Pac. Rep. 557; Rush v. Boston Insurance Co., 150 N. Y. Supp. 457; Valley Mercantile Co. v. St. Paul Fire & Marine Insurance Co., 49 Mont. 430, 143 Pac. Rep. 559, L. R. A. 1915 B 327; Kansas City Regal Auto Co. v. Old Colony Insurance Co., 187 Mo. App. 514, 174 S. W. Rep. 153.

In addition to its general charge, the court gave the following instructions, at the request of the defendant:

"1.    The burden is on the plaintiffs to prove by a preponderance of the evidence that the alleged automobile was stolen by some person or persons other than those in the employment, service or household of the insured.    If that burden has not been sustained by the preponderance of the evidence, the jury must find for the defendant.

"2.    The jury cannot find a verdict for the plaintiffs unless the plaintiffs have proven (first) a theft of the automobile as alleged, and (second) that theft was not by John Johnson or by any other person or persons in the employment, service or household of the insured.

"3.    If you find that there was a theft of the automobile and that it was committed by some one in the em-

ployment, service or household of the insured, then you must find for the defendant."

The fourth charge requested by the defendant is refused and the following substituted in its stead by the court:

"4.    If you find that one John Johnson took and was driving this automobile at the time when it was damaged, as alleged, and that he was the same John Johnson who was in the service of the plaintiff at the time, then you must find for the defendant.

"5.    If you find that the person who took this automobile, whether Johnson or someone else, took it merely for a joy ride, or for any purpose other than permanently depriving the owner of it, you must find for the defendant.

"6.    Before you can find for the plaintiff you must find that some person took this automobile with the intent to steal it, and that such person was not in the service, employment or household of the plaintiff."

In response to the question from one of the jurors, "what is stealing?" the court further instructed the jury as follows: "Gentlemen, larceny or stealing is the wrongful taking and carrying away of the property of another with intent to permanently deprive the owner of the use thereof.    It is alleged in the declaration and denied in one of the pleas, that this car was stolen.    Therefore, one of the issues before you, gentlemen, is whether or not that car was actually stolen."

We do not consider it necessary to set forth the charge given by the court of its own motion or the instructions requested by the defendant which were refused and upon which errors are assigned.    Neither do we consider it necessary to attempt an analysis of the testimony. As was said in Hartford Insurance Co. v. Wimbish, *supra*: "One cannot be convicted of either theft, rob-

bery or pilferage unless he had the intent to steal. And we know of no authority for giving any different meaning to these words in a contract of insurance wherein it is stipulated that the company will be liable for loss or damage to an automobile, resulting from theft, robbery or pilferage. Under this contract, if the thief carries away a machine with intent to steal it, and it is never recovered and loss occurs, the owner may recover the full value of the automobile. If the thief be apprehended and the machine recovered, then the owner is entitled to recover for whatever damage has been done the machine, if it exceeds $25. But in both cases it must appear that the person taking the machine intended to steal it. If he had the *animo revertendi,* he is not guilty of theft, or robbery, or pilferage, even though he took the machine without the owner's consent." This language was quoted and approved in Michigan Commercial Insurance Co. v. Wills, *supra,* and also in Stuht v. Maryland Motor Car Co., *supra.* In Valley Mercantile Co. v. St. Paul Fire & Marine Insurance Co., *supra,* it was held: "To constitute the crime of larceny, the intent which accompanies the act of taking must be the criminal intent to permanently deprive the owner of his property, and without which the taking would be a bare trespass or civil injury." We have several times held that in larceny it is essential to a conviction that the property was taken *"animo furandi."* See Long v. State, 11 Fla. 295; Bird v. State, 48 Fla. 3, 37 South. Rep. 525; Jarvis v. State, decided here at the present term. As was said in Valley Mercantile Co. v. St. Paul Fire & Marine Insurance Co., *supra:* "Since this is a civil action, plaintiffs were required to prove their case only by a preponderance of the evidence, but to recover at all they had the burden of proving every element of the crime of larceny." See our holding in Abraham v. Baldwin, 52 Fla. 151, 42 South.

Rep. 591, 10 L. R. A. (N. S.) 1051, 10 Ann. Cas. 1148. We are of the opinion that the evidence adduced in this case does not measure up to this requirement. It may also be questioned as to whether the evidence establishes that the automobile was taken or stolen by some person "other than any person or persons in the employment, service or household of the assured." Be that as it may, we think that the contention of the defendant that the verdict rendered is contrary to the charge of the court, to the law and to the evidence has been sustained. It necessarily follows that the court erred in overruling the motion for a new trial. See our discussion as to the province and power of the trial court to grant a new trial in Carney v. Stringfellow, decided here at the present term.

The judgment is reversed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, J. J., concur.