THE MORRIS PLAN COMPANY OF RHODE ISLAND *vs.* FIRE-MEN'S FUND INSURANCE CO.

APRIL 9, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J. Assumpsit to recover on a policy insuring plaintiff and others as their interests may appear from, among other things, "Theft, robbery or pilfrage" of an automobile. At the conclusion of plaintiff's evidence, defendant rested and the trial justice, on motion made, directed a verdict for defendant on the grounds that there was no proof of loss, of damages and of theft. The case is here on the plaintiff's bill of exceptions.

The sole exception is to the direction of the verdict. The only ground on which defendant relies to support this direction is that there was no evidence of theft. The other reasons given by the court for its action are untenable. The evidence is brief.

September 21, 1925, one Fecteau, a dealer in automobiles, by a conditional sale agreement sold an automobile to Charles L. Smith and his wife, Theresa. A partial cash payment was made and the balance of the purchase price was to be paid in instalments. The agreement provided for a trade acceptance by plaintiff of a draft by Fecteau on the Smiths, that title was to remain in the seller until full payment was made and that an assignment of title to the automobile and of all rights under the agreement should be made to plaintiff. The agreement contained a recital that this assignment to plaintiff had been duly made. The policy in question was issued by defendant at the same time and, by special endorsement thereon, the coverage granted was to be for the benefit of the seller or the plaintiff only, the liability at no time to exceed the amount due from the purchaser.

The last payment received by plaintiff was on April 8, 1926. The balance still due on the draft was over two

hundred dollars. April 24, Fecteau committed suicide. The following day plaintiff made an investigation of Fecteau's obligations to it and discovered that the automobile either had been taken from the Smiths by Fecteau or had been returned by them to him; just how or when Fecteau got possession of the automobile again does not appear. Plaintiff, by examination of the State records of automobile registrations, found that the registration of this automobile had been transferred to one McHale sometime before Fecteau's death. There was no evidence of any consideration for the transfer. Plaintiff at once instructed its attorney to replevy the automobile. The attorney went to McHale's house and, after some difficulty, found that the automobile·was kept in a garage on another street. The writ of replevin was served and the automobile was turned over to plaintiff's attorney. He took the car and left it in a public garage, with instructions that it was not to be delivered to anyone except on an order from the plaintiff. An employee in the garage testified that about two o'clock in the morning he discovered that the automobile had been taken, without permission, from the third story of the garage by one McHale and another man, and driven away rapidly from the premises. The police were at once notified that the automobile had been stolen. McHale was a taxicab driver in the employ of the garage proprietor; it was his custom each day to return to the garage after midnight when his work was over. He never returned to the garage or to his work after this night. Three days later, on May 31, plaintiff was notified by the proprietor of the garage that the automobile had been taken away. A complaint was at once made by plaintiff to the police that the car had been stolen. The car has never been returned and plaintiff has b een unable to find McHale.

If there is any evidence to support a plaintiff's right of action the case must be submitted to the jury; and all inferences deductible from the evidence which are favorable to plaintiff must be considered.

From the evidence a jury might properly infer that McHale, at least after the service of the writ of replevin, knew that plaintiff was the owner of the automobile; that McHale took it surreptitiously, without the consent of the owner under circumstances which demonstrated a fraudulent intention to deprive the possessor permanently of the thing taken. Such a taking is larceny and a theft; Whart. Crim. Law, 11th ed. § 1120. If the taking was under an honest claim of right it was not a theft. The intention of the taking is decisive of the character of the act. This question of the intent was a question for the jury. *State* v. *McAndrews*, 15 R. I. 30.

The plaintiff's exception is sustained. The case is remitted to the Superior Court for a new trial.

*Harold R. Semple*, for plaintiff.

*Hinckley, Allen, Tillinghast & Phillips. Harold A. Andrews*, for defendant.