## Court of Appeals.

*June,* 1886.

## PEOPLE *v.* CRUGER.

(Reversing 4 *N. Y. Crim. Rep.* 60.)

### LARCENY—FRAUDULENT CONVERSION.

Fraudulent conversion of the proceeds of a loan obtained by defendant on
property entrusted to him for the purpose of obtaining a loan thereon,
is not larceny of the property.

APPEAL by defendant, Kortright Cruger, from a judgment
of the General Term of the Supreme Court in the First Depart-
ment, affirming a judgment of the Court of Oyer and Terminer,
by which the defendant was convicted of the crime of grand
larceny in the second degree, and sentenced to imprisonment
for five years.

In March, 1885, the complainant went to the defendant to
see him in reference to disposing of a certain diamond lace pin,
the same article with the larceny of which the defendant is
charged, and left the pin with the defendant, to be disposed of
by him.

As to the manner in which the pin was to be disposed of by
the defendant, and what authority was given to him at that
time, there was a conflict in the evidence. The principal
question raised on the appeal related to a request to charge in
reference to a conviction under an indictment for larceny in
case the jury found the pin was left with the defendant f : him
to procure a loan upon the same, and after procuring t . loan
appropriated the proceeds to his own use. See *ante,* 60.

*Morris A. Tyng,* for appellant.

*Randolph B. Martine,* district attorney, for respondent.

DANFORTH, J.—The conviction is for stealing, on the 10th of March, 1885, a diamond pin, the property of one Porteus. It appeared in evidence that the defendant was engaged in the business of buying and selling jewelry, and of effecting loans upon personal property; that before the time in question there had been dealings between the parties in relation to the pin, but on that day it was in the possession and under the sole control of Porteus, who, as he testified, left it with the .defendant to be sold, but according to the testimony of the defendant, Porteus wanted him to procure a loan upon it, and did not direct a sale. It also appeared that at the Police Court, on the 26th of April, 1885, at an examination concerning the same transaction, Porteus was asked this question: "You authorized a loan?" and answered: "Yes, sir, when he—the defendant—suggested either a loan or sale." Other circumstances in evidence sustain the defendant's version, and there are some which might impair the credit of the complainant as a witness. There was sufficient evidence that the defendant did procure the loan from one Hawkins. .At the close of the testimony the defendant moved for a direction of a verdict of acquittal, on the ground that "the indictment charges distinctly a larceny of a certain particular pin, and the evidence being perfectly clear that the pin was left with the defendant for the purpose of procuring a loan on it, that he did procure a loan on it, acting exactly within the scope of his authority, and doing precisely what it was left with him for, he cannot be convicted under this indictment of the larceny of this pin."

The court denied the motion, saying: "The complainant claims that there was no such authority conferred upon him, that it was left with him for the.purpose of sale and not for the purpose of pledging."

The defendant then asked the court to charge the jury as follows:

"The indictment being for the larceny of a certain pin, if the jury believe that the complainant, being the owner of the pin, authorized the defendant to obtain a loan upon it, and the defendant did actually obtain that loan from Mr. Hawkins, the witness who has testified, as authorized by the complainant,

they cannot convict the defendant under this indictment of the larceny of the pin." The court declined to do so.

The exception then taken presents the only question we think it necessary to consider. The proposition presented by the request negatived every ingredient of the offense charged, and if found in favor of the defendant, would have made a conviction impossible. If the owner intended to part with the property for a special purpose, and the defendant used it only in the way prescribed, it could not be said to be stolen. There could have been neither a false pretense nor a felonious taking on his part. It is said, however, by the learned counsel for the respondent, that the request asked too much, because it did not take in the possible intent of the defendant "at the time of procuring the loan," to appropriate the proceeds to his own use. This by no means answers the exception, for if the jury found according to the propositions of the request, it would appear that the defendant received the property lawfully and disposed of it according to the wish of the owner; that he not only obtained the loan, but obtained it as authorized. The request might have been amplified, but it was unambiguous, and contained a proposition good in law, and to the benefit of which the defendant was entitled.

An omission to account for the proceeds of the loan could not by relation change the voluntary act of the owner in parting with the pin into a larcenous taking by the defendant, nor sustain the allegation upon which the indictment stood that the defendant "feloniously did steal, take and carry away" the property in question.

There may have been a breach of trust and even fraudulent conversion of the proceeds of the loan, but that does not constitute the offense charged.

The exception was well taken. The judgment and conviction should, therefore, be reversed, and a new trial granted.

Judgment reversed.

All concur.