## PAT O'MORROW v. THE STATE.

### No. 2539. Decided October 29, 1902.

**Embezzlement—What Constitutes.**

Where defendant, as agent or employe of the prosecutor, was furnished by prosecutor with a watch and $15 in money which he was to give as boot for prosecutor in a horse-swap, and he made an even exchange of the horses and kept the watch and money, concealing the fact from prosecutor; Held, he was guilty of embezzlement of the watch and money.

Appeal from the County Court of Lamar. Tried below before Hon. Wm. Hodges, County Judge.

Appeal from a conviction of embezzlement; penalty, a fine of $50, and one day's imprisonment in the county jail.

No statement necessary.

No briefs on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of embezzlement, and fined $50 and given one day in the county jail.

There are no bills of exception in the record. The only question seriously urged in the motion for new trial is that the verdict is not sustained by the evidence; that, at most, the testimony shows that kind of breach of trust which is not the subject of embezzlement. We can not agree to this contention. Appellant received the watch and $15 from the prosecutor, according to this testimony, as his agent and employe, for the purpose of making a trade for a horse; that is, he was to trade a horse of the prosecutor for another horse, and was to pay the watch and money in addition for the exchange. He traded for the horse, but did not give the watch and money in addition, and concealed this fact from the prosecutor. This, according to our view of the doctrine of embezzlement under our statute, constitutes such a fiduciary relation as would make the property received the subject of embezzlement. Leonard v. State, 7 Texas Crim. App., 444. This is not like the case of Webb v. State, 8 Texas Crim. App., 310. The testimony of appellant, of course, controverts the trust relation between him and prosecutor; that is, he claims that the watch and money was given him for his services in making the trade. If this had been true, the jury should not have convicted him. However, they disbelieved his testimony, and gave credit to that of prosecutor, which they had a right to do.

We see no reason to disturb the verdict, and the judgment is affirmed.

*Affirmed.*