## CLIF JOHNSON v. THE STATE.

No. 2727. Decided April 27, 1904.

**Embezzlement—Theft.**

Where the evidence showed that appellant represented himself to be what he was not, namely, that he was interested in the boarding and lodging house where the party from whom he got the money stayed over night, and that he thus obtained the money from him for safekeeping, the offense is theft and not embezzlement. Henderson, J., dissenting.

Appeal from the District Court of Galveston. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Geo. Q. McCracken,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of embezzlement, under the following state of facts: Everson, the alleged injured party, stated that he was in Galveston on the 21st of December, 1903, and was acquainted with defendant. About four days before Christmas he gave appellant $110 "in United States money." The way he came to give the money to appellant was this: "I came in the city and went to the Sailor's Exchange (I am a sailor), and this defendant was at said place at the time stated. When I went to said Sailor's Exchange and found defendant there moving around and drinking, and I was going to a room to go to bed, and I had the money on me. Defendant asked me if I had any money on me. Defendant told me he was working there, and I understood he was, and I said, yes. 'Well,' he said, 'I had better not go to the room with that money on me, and I had better give it to him to keep for me, to save it for me.' This was right there in the barroom. I gave defendant the money to keep for me until the next morning. I went up to the room, went to bed and went to sleep. The

next morning when I waked I went down in the barroom, and did not find defendant there. So I asked the man to unlock the safe and get my money. And he said, 'What money? There is no money in here.' I said I gave defendant here $110 to put away and keep for me until morning. Well, he said, defendant did not belong here, and did not have anything to do here. The man I talked to the next morning about the money was the proprietor, and told me that the defendant did not belong there. When defendant told me to give him the money I gave it to him to keep for me. He said it was too much money to have on me; and he said he would keep it and give it back to me on the next morning. Before I gave defendant the money, defendant and I had been at the bar shaking dice and drinking. When defendant asked me to give him the money we were standing in the little room outside the barroom. I just gave defendant the money to keep for me over night. He said he would give it back to me the next morning. I got $30 of the $110 back, which $30 I got back after defendant was arrested."

It is contended that this evidence does not show a case of embezzlement. This contention is well taken. Article 861 Penal Code, provides: "The taking must be wrongful, so that if the property come into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft; but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof and appropriate the money to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete." The facts detailed by prosecuting witness bring this case clearly within the purview and letter of this statute. It is a case of theft. Appellant obtained the money under this statement by a false pretext. He represented himself to be what he was not; made prosecutor understand and believe that he was interested in the house; represented to him the danger of going to his room with the money and he had better deposit it with him for the night, and thus obtained possession of the money. He was not interested in the house, but his statements were false, and made for the purpose of obtaining the money, and his subsequent acts show his appropriation of it—for in other portions of the record it is shown that on the outgoing train that night he left Galveston, stating he was going to Arizona, and was arrested in the city of Houston. This evidence did not place him as the bailee of the prosecutor, but he obtained the money by a false pretense and by false statements for the purpose of appropriating it. The fiduciary relation that exists and is necessary to constitute him an embezzler is precluded by the evidence for the State. Appellant's testimony would exonerate him from punishment, for he states in substance that the prosecutor called him aside and asked him to take care of the money for the night, or until he called for it, and gave him authority to use it. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

HENDERSON, Judge—(Dissenting.)—A majority of the court hold that the facts of this case did not authorize the prosecution for embezzlement, but that it comes appropriately under article 861, Penal Code, which relates to theft by means of some false pretext. I do not agree to this view. The only test prescribed by our code with reference to offenses is that they must be defined in order to constitute an offense, and then the only question is, do the acts shown in evidence bring the case within the statute? Our statute with reference to embezzlement of property or money requires that there should be a trust relationship established between prosecutor and defendant, such as agency, etc., and that on account of such agency the property or money was deposited or intrusted with the party; and that afterwards the agent or trustee converted the money or property to his own use. Trying the facts of this case by our statute of embezzlement, it comes clearly within the terms thereof. In my opinion it does not matter how appellant came to be agent or trustee of the prosecutor. He would not be permitted in answer to a charge of embezzlement to say that he became agent of the prosecutor by means of some false representation made by him to prosecutor. The law concerns itself only to ascertain that he was such agent. One can not set up his own wrongful act in such case to defeat a prosecution. 2 Bishop Crim. Law, 363, 364, 366; Ex parte Hedley, 31 Cal., 108; Ex parte Ricord, 11 Nev., 287.

Nor is it an answer to the proposition that he might be guilty of some other offense, such as theft by false pretext. The same acts may be covered by two different statutes and be an offense under either.