## R. W. Lamb v. The State.

### No. 3605.    Decided March 7, 1906.

#### Embezzlement—Agent—Statutes Construed—Messenger—Words and Phrases.

Under a prosecution under article, 938 Penal Code, which provides that if an agent of an incorporated company shall embezzle, etc., where the proof showed that the defendant was known by the company as a messenger; that his duties required him to transmit money, and that in contemplation of law he was an agent of said company, he was subject to prosecution under the above statute. Article 10, Penal Code, provides that all words and phrases not having a technical meaning, or where not specially defined shall be taken in their ordinary signification.

Appeal from the District Court of Titus. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of embezzlement; penalty, two years imprisonment.

The opinion states the case.

*Rolston, Ward & Hutchings,* for appellant.—On question of agency: State v. McLane, 43 Texas, 404.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of embezzlement, and his punishment fixed at two years confinement in the penitentiary. This prosecution is under article 938, Penal Code, which provides: "If any person, agent, clerk or attorney at law or in fact, of any incorporated company or institution, shall embezzle, fraudulently misapply, and convert to his own use, without the consent of his principal or employer, any money or property of such principal or employer, which may have come into his possession or be under his care by virtue of such office, agency, or employment, shall be punished," etc. The indictment alleges that appellant was "the agent and servant and employee of an incorporated company, to wit: of the Pacific Express Company." Appellant insists that the evidence shows he was an express messenger, upon a route, over the Cotton Belt railroad, for the Pacific Express Company, and not an agent within contemplation of law. J. P. Root (first witness for the State) testified, among other things, that appellant was an agent of the Pacific Express Company; that "We know him as a messenger; no, sir, we do not know him as an agent." But the whole record before us shows that he was an agent within contemplation of law of the express company, although he was known and called a messenger. The duties of his employment require him to transmit money from one place to another, as directed by the express company under his employment as messenger, and hence he was an agent within contemplation of law; and therefore subject to prosecution under the above statute. The Code provides, that the Code and Procedure shall be construed in the same manner as civil statutes are construed, without regard to the distinction heretofore existing between civil and criminal laws; and also that all words and phrases not having a technical meaning, or where not specially defined, shall be taken in their ordinary signification. (Penal Code, article 10.) This being true, where the word agent is used in the above statute, it could not be justly interpreted to mean anything other than one in the employ of another for a specific purpose, within the contemplation of law.

We do not deem it necessary to review the other assignments. No error appears in the record, and the judgment is affirmed.

*Affirmed.*