[No. 12994.   Department One.   April 8, 1916.]

H. C. STUHT *et al.*, *Appellants*, v. MARYLAND MOTOR CAR INSURANCE COMPANY, *Respondent.*[1]

INSURANCE—THEFT—INTENT—MISUSE OF AUTOMOBILE—POLICY. A policy insuring an automobile against loss or damage by "theft, robbery or pilferage" does not cover a loss when the car was wrecked while lawfully in the possession of an employee of a garage company under instructions to deliver it to the owner, although such employee went out of his way in making the trip, where he had no intent to steal or pilfer it; as the policy covers only intentional stealing.

Appeal from a judgment of the superior court for King county, Smith, J., entered March 26, 1915, upon the verdict of a jury rendered in favor of the defendant, in an action upon contract, after a trial on the merits.   Affirmed.

*Vince H. Faben,* for appellants.

*Clem J. Whittemore,* for respondent.

MOUNT, J.—This action was brought to recover for the loss of an automobile upon an insurance policy, issued by the defendant to the plaintiffs, which policy insured the automobile against "Loss or damage, if amounting to $25 on any single occasion, by theft, robbery, or pilferage by persons other than those in the employment, service or household of the assured."  Upon issues joined, the case was tried to the court and a jury.  The trial resulted in a verdict and judgment in favor of the defendant.  The plaintiffs have appealed.

The statement of the case contained in the appellants' brief is substantially in the following words:  During part of July and August, the plaintiffs were absent from Seattle, during which time they left the automobile in charge of one Cook.  Certain defects appearing in the mechanism, it was

[1]Reported in 156 Pac. 557.

returned for proper adjustment to the garage and workshop of the Mercury Motor Car Company, from whom it had been purchased, with the request that the automobile be returned by that company to the plaintiffs' garage when the defects should be remedied. This being accomplished, an employee of the Mercury Motor Car Company undertook to return the machine; but, instead of traveling direct from the company's garage on East Pike street in a northerly direction to the plaintiffs' home north of Woodland Park, it being Saturday evening, after working hours, this employee, Mr. Richardson, without the knowledge or authority of the company or these plaintiffs, and only for his own personal purpose, proceeded from the company's garage in a southerly direction toward his own home about five miles distant. When rounding the corner at Fourteenth avenue south and Norman street, on the side of Beacon Hill, and about a mile distant from the company's garage, Richardson drove the machine over a bank, and the result was a total wreck of the automobile. A more detailed statement of the facts will be found in *Stuht v. United States Fidelity & Guaranty Co.*, 89 Wash. 93, 154 Pac. 137. That was an action by these same plaintiffs against another insurance company upon another policy.

The appellants make three contentions: First, that failure to give notice of the accident cannot avail the company to defeat liability upon the policy; second, the policy contemplated a wrongful taking of any kind, and not necessarily a criminal taking; and third, the facts surrounding the use and destruction of the automobile by Richardson and of his not returning the automobile to the plaintiffs are not in dispute, and, therefore, there was no question to submit to the jury, and judgment should have been directed in favor of the appellants.

In view of our conclusion upon the last two contentions, we find it unnecessary to discuss the first. Upon the second contention, the appellants insist that the policy contemplates a

wrongful taking of any kind, and not necessarily a criminal taking. It will be noticed that the policy, as quoted above, insures against "loss or damage . . . by theft, robbery or pilferage by persons other than those in the employment, service or household of the assured." The words theft, robbery, and pilferage are well understood. They were used in this policy in their common and ordinary meaning. If the automobile was stolen, or if it was robbed or pilfered of any of its accessories, or of personal effects left therein, to the amount of $25, then the insurance company would be liable.

In the case of *Hartford Fire Ins. Co. v. Wimbish*, 12 Ga. App. 712, 78 S. E. 265, in construing a contract of insurance like the one now before us, the court said:

"The word 'pilfer' means to steal, and to charge another with 'pilferage' is the same thing as to charge him with stealing. *Becket v. Sterrett*, 4 Blackf. (Ind.) 499, 500. 'Pilferage' is but petty larceny. One cannot be convicted of either theft, robbery, or pilferage, unless he had the intent to steal. And we know of no authority for giving any different meaning to these words in a contract of insurance wherein it is stipulated that the company will be liable for loss or damage to an automobile, resulting from 'theft, robbery, or pilferage.' Under this contract, if the thief carries away a machine with intent to steal it, and it is never recovered, and loss occurs, the owner may recover the full value of the automobile. If the thief be apprehended and the machine recovered, then the owner is entitled to recover for whatever damage has been done the machine, if it exceeds $25. But in both cases it must appear that the person taking the machine intended to steal it. If he had the *animus revertendi*, he is not guilty of theft, or robbery, or pilferage, even though he took the machine without the owner's consent."

See, also, *Bigus v. Pacific Coast Casualty Co.*, 145 Mo. App. 170, 129 S. W. 982.

There is apparently no claim in this case that Mr. Richardson, who took the automobile, intended to steal it or rob the machine, or to pilfer anything therefrom. He took the automobile after it had been repaired at the shop where he

was employed, intending to return it to Mr. Cook. It is not claimed that Mr. Richardson was wrongfully in possession of the machine, and certainly, under the evidence, he did not intend to do a wrong. We are satisfied from the whole record, and from the statement of the appellants, as copied above, that there was no criminal intent, and that there can be no recovery under the policy, even though Mr. Richardson took the automobile under such circumstances without the consent of the owner.

The evidence of Mr. Richardson was to the effect that he was directed by Mr. Cook to deliver the automobile to Mr. Cook before 8 o'clock on the evening it was destroyed; that it was customary to deliver machines in that way; that he was taking the machine to Mr. Cook at that time. Mr. Cook denies that he directed Mr. Richardson to bring the automobile to him; but it is apparently conceded that Mr. Cook authorized some person to deliver the automobile to him upon that evening. That fact is of no importance in this case, because it was not shown that there was any intent on the part of Mr. Richardson to steal, rob, or pilfer from the machine. The evidence is conclusive that he did neither. The only evidence which might be construed as an intent to pilfer from or steal the automobile was the fact that Mr. Richardson went out of his way in taking the machine to Mr. Cook; but this fact was fully explained, showing no such intent. From the undisputed facts we are satisfied that the verdict of the jury was correct and that no other verdict could have been sustained.

The judgment appealed from is therefore affirmed.

MORRIS, C. J., ELLIS, CHADWICK, and FULLERTON, JJ., concur.