10703. GUNN *v.* GLOBE & RUTGERS FIRE INSURANCE CO.

JENKINS, J. Mrs. Gunn brought suit for the value of an automobile, under a policy of insurance protecting her against "theft, robbery or pilferage, excepting by any person or persons in the assured's household or in the assured's service or employment, whether the theft,

robbery, or pilferage occur during the hours of such service or employ-ment or not." The evidence discloses that the plaintiff had been in-duced to purchase the car, a second-hand one, by virtue of the repre-sentations of one C. R. Miller, an automobile mechanic, who at the time of the purchase was a lodger of the plaintiff; that shortly there-after the car got out of order, and that the plaintiff stated to Miller, who in the meantime had removed from the plaintiff's residence, that it was "up to him to fix it;" that the car was turned over to Miller for such purpose under the statement above quoted, and without any understanding that Miller was to receive compensation for his services in repairing it. The evidence indicates that after the car had been entrusted to Miller he fraudulently converted it to his own use. Upon these facts being made to appear, the trial court granted a nonsuit. *Held:*

Under the terms of such a policy, written to indemnify an owner against loss by "theft, robbery, or pilferage," the usual and ordinary meaning of these words, involving the wrongful and fraudulent taking and carry-ing away of the article stolen, should have application, and the rea-sonable intention of the contract should not be extended to cover the fraudulent conversion by a bailee of the property so entrusted. The true and manifest intent and spirit of the contract should not be so technically construed as to require that it partake of the nature of a blanket fidelity bond guaranteeing the integrity of all such persons as may be entrusted by the owner with the possession and control of the article covered by the policy of insurance. See *Hartford Fire Ins. Co.* v. *Wimbish,* 12 *Ga. App.* 712 (78 S. E. 265); Delafield *v.* London & Lancashire Fire Ins. Co., 177 App. Div. (N. Y.) 477 (164 N. Y. Supp. 211); Valley Mercantile Co., *v.* St. Paul Fire &c. Ins. Co., 49 Mont. 430 (143 Pac. 559); People *v.* Cruger, 102 N. Y. 510 (7 N. E. 555); Stuht *v.* Maryland Motor-Car Ins. Co., 90 Wash. 576 (156 Pac. 557).

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED DECEMBER 16, 1919.

Action on insurance policy; from city court of Atlanta—Judge Reid. May 8, 1919.

*E. M. & G. F. Mitchell,* for plaintiff.

*Smith, Hammond & Smith,* for defendant.