## HOME INS. CO., NEW YORK, v. BREWTON.

### No. 9702.

Court of Civil Appeals of Texas. Galveston.
Jan. 20, 1932.

Leachman, Gardere & Bailey and Wm. H. Neary, all of Dallas, for appellant.

PLEASANTS, C. J.

This suit was brought by appellee against the appellant to recover upon an insurance policy issued to him by appellant, insuring him against the theft of a Ford truck owned by appellee. The amount claimed in the suit was for damages caused the truck while in the possession of the alleged thief, which damages it was agreed upon the trial amounted to the sum of $186.58. The defendant answered by general demurrer and general denial and specially pleaded that plaintiff failed to give defendant, as required by the provisions of his policy, immediate written notice of his loss after its discovery, and to notify the police of the theft of the truck. The trial in the court below without a jury resulted in a judgment in favor of the plaintiff for the sum of $186.58.

The policy upon which the suit is brought insured the appellee against loss or injury to his truck if caused by perils of fire, lightning, and transportation, or by perils of theft, robbery, and pillage "as defined in paragraph G" of the policy. Paragraph G of the policy is as follows:

"Theft, Robbery and Pilferage:

"Theft, Robbery and Pilferage, excepting by any person or persons in the Assured's household or in the Assured's service or employment, whether the theft, robbery or pilferage occurs during the hours of such service or employment or not; and excepting loss suffered by the Assured from voluntary parting with title and/or possession, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense or otherwise; and excepting in any case, other than the theft of the entire automobile described herein, the theft, robbery or pilferage of tools or repair equipment, motor-meters, extra tires and/or rims and/or extra or ornamental fittings.

"This policy does not insure against the wrongful conversion, embezzlement or secretion by a mortgagor, vendee, lessee or other person in lawful possession of the insured property under a mortgage, conditional sale, lease or other contract or agreement, whether written or verbal."

We agree with appellant that this policy does not insure against loss or damage to the truck while in the wrongful possession of a third party unless such wrongful possession was theft as that offense is defined by our Criminal Code. Valley Mercantile Co. et al. v. St. Paul Fire & Marine Ins. Co., 49 Mont. 430, 143 P. 559, L. R. A. 1915B, 327, Ann. Cas. 1916A, 1126; Phoenix Assurance Co. v. Eppstein, 73 Fla. 991, 75 So. 537, L. R. A. 1917F, 540. Unless there is evidence to show that the truck was taken by the boy, who was driving it at the time it was injured, with intent to deprive the owner of its value, and appropriate it to the use and benefit of the taker, he would not be guilty of theft under our Penal Code. Article 1410, Penal Code (1925); Smith v. State, 66 Tex. Cr. R. 246, 146 S. W. 547.

We think the evidence in this case is, not only insufficient to show a theft of the truck, but that from all the evidence reasonable minds cannot differ in the conclusion that the boy did not take and use the truck with the intention of depriving the owner of its value and of permanently appropriating it to his use and benefit.

The following quotation from the opinion in the case of Smith v. State is just as applicable to the facts of this case as to those of the case in which it was written: "We have carefully considered the whole testimony, and it thoroughly satisfies us that the machine was not taken with the intent by the appellant and his companion to perma-

nently appropriate it to their own use or benefit, nor to deprive the owner of the value thereof, but it was taken solely for the purpose of using it to ride in that night and to return it after this use."

These conclusions require that the judgment of the trial court be reversed and judgment here rendered for appellant, and it has been so ordered.

The decision of this appeal in accordance with the conclusions above stated was reached by this court on December 21 of the present term, but in announcing the decision on December 23, the court having inadvertently noted upon its docket that the judgment of the trial court was reversed and remanded, so erroneously announced its decision, and the clerk has so entered the judgment. This erroneous judgment is now set aside upon the court's motion, and judgment will be entered in accordance with the original conclusions of the court as above expressed.

Reversed and rendered.