## CAMDEN FIRE INS. ASS'N v. MOORE.
### No. 11896.

Court of Civil Appeals of Texas. Galveston.
Oct. 23, 1947.

Rehearing Denied Nov. 20, 1947.

Chilton Bryan and David Bland, both of Houston (Bryan & Bryan, of Houston, of counsel), for appellant.

Adams & Morgan, of Crockett, for appellee.

CODY, Justice.

This was an action by the appellee, the owner and operator of a general tailor shop which is located in Crockett, Houston County, Texas, brought upon an Inland Transit Floater policy of insurance, to which was attached a Bailee's Customers' Form— Laundries, Dyers and Cleaners, against appellant, the insurer. By the terms of the policy the appellant insured the appellee against direct loss or damage to the clothing of his customers, while in his possession.

The court, trying the case without a jury, rendered judgment against appellant for appellee for the principal sum of $1,089.08. Thereafter, in response to appellant's request, the court filed conclusions of facts and law, finding, among other things:

That the policy sued on covered "all kinds of lawful goods and/or articles accepted by assured (i. e., appellee) for laundering, cleaning, renovating, pressing, repairing or dying, the property of his customers while contained in the premises * * * against direct loss or damage caused by the perils specifically insured against." Then, immediately following the matter just quoted, the policy reads: "This policy insures against: * * * Theft, Burglary, and Hold-Up, except as hereinafter excluded; * * *"

The Court further found: That, on the night of May 5–6, 1946, a person or persons unknown forced an entry into appellee's tailor shop. That said person or persons had the intention of committing a theft, and did in fact steal and carry away a certain ladies' house coat and also certain riding pants, said items totalled the value of $25.50. That said person or persons while on the premises intentionally destroyed 75 pieces of clothing belonging to appellee's customers by cutting and slashing same with a sharp instrument. That the clothing thus destroyed and not removed was of the value of $1,020.65. That said person or persons upon the occasion in question stole a small sum of money which was on the premises.

The court further found that the policy of insurance also covered the customary service charges that had been earned upon "goods lost or damaged and insured by this policy." And further found the amount of service charges which had been earned upon the goods which were stolen and/or destroyed at the time in question totalled $42.93. The three specified sums make up the principal sum of $1,089.08, which, as stated above, was by the court adjudged to appellee. The appellant does not contest the correctness of the judgment in so far as it allowed recovery of the aforesaid items of $25.50, and $42.93; but does contest the judgment in so far as it allowed recovery of the item of $1,020.65, which was the value of the clothing destroyed by cutting, but not removed. Additional facts will be stated when we come to pass on appellant's points Nos. 14–16, inclusive.

The appellant predicates its appeal upon 16 points. Its first 12 points are predicated upon the contention that the policy of insurance does not cover the clothing which was destroyed, but not removed from the premises—that is, not stolen. Its points 14 to 16, inclusive present the contention the exclusion from coverage by the policy of clothing injured by "scratching, marring or chipping," excluded coverage of the clothing which was destroyed by cutting and slashing. And point 13 contends that the court erred in concluding as a matter of law that all costs should be taxed against appellant.

## Opinion

■ We overrule appellant's first 12 points which are predicated upon the contention that the policy of insurance did not afford coverage of the clothing (i. e., some 75 articles of clothing) which was destroyed, but which was not taken away. The policy by its express terms insured the clothing while contained in appellee's premises "against direct loss or damage caused by the perils insured against." Included among the perils insured against are: "Theft, Burglary and Hold-Up, except as hereinafter excluded; * * *"

■ Said provision of the policy insuring the clothing "against direct loss or damage caused by the perils insured against" is not as narrow in scope as we understand appellant contends it is. Of course, the insurance is limited to the direct loss or damage caused by the perils enumerated in the policy. And the perils enumerated in the policy, so far as is here relevant, are theft and burglary. But the *peril* of burglary, as that term is employed in the policy, is not as limited in scope as the offense of burglary, as said term is defined in the Penal Code. P. C. Art. 1389 provides: "The offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in like manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft." Under said definition, the offense against public law is complete when the entry has been effected. However, the peril of burglary in the nature of things, (at least ordinarily) only begins after the entry.

■ Here the policy of insurance insured against direct loss or damage by the peril of burglary, just as a policy of fire insurance insures "against all direct loss or damage by fire." The quoted clause was passed on in Reliance Insurance Co. v. Naman, 118 Tex. 21, 6 S.W.2d 743 (opinion adopted by the Supreme Court). It was there held, page 745 of 6 S.W.2d: "Where a loss does come within the contract, the recovery is not dependent upon consumption, or even actual ignition, for a direct loss may otherwise result. The damage may be caused by smoke and soot * * * by heat * * * by water * * * by fall of building * * * by explosion * * * *by theft as a result of the fire;* or by any other method directly due to the fire." (Emphasis supplied). Thus it appears that where property is exposed to the peril of theft by the fire, and said insured property is stolen, recovery may be had under the policy of fire insurance. In a word, an insurer is liable for loss proximately caused by a peril insured against. And the term "proximate cause" as "applied in insurance cases has essentially the same meaning as that applied * * * in negligence cases, except that in the former the element of foreseeableness or anticipation of the in-

jury as a probable result of the peril insured against is not required." Federal Life Ins. Co. v. Raley, Tex.Com.App., 109 S.W.2d 972, 974.

As a direct result of the entry by force, the clothing was exposed to destruction by the burglar or burglars, and was in fact by them destroyed. No new and independent cause intervened between the destruction of the clothing by the burglars and their unlawful entry. For, in the same sense that a theft of goods is held to be the proximate result of a fire which exposes them to theft by marauders, a burglary which exposes the insured property to the will of the burglar (whether to steal or destroy) must be held to the proximate cause of the damage done to said goods by the burglar. And, as we have seen, the element of "foreseeableness" of the destruction of the clothing as a probable result of the burglary is not required in connection with a policy of insurance.

The appellant insists that the destruction of clothing in question constituted the offense against public law of malicious mischief. No doubt it did. And had the offender entered upon the premises lawfully and destroyed the clothing, it obviously would not and could not have been the proximate result of burglary. But that did not prevent the destruction of the clothes from being the proximate result of burglary, and an injury insured against.

Upon the facts, this case is one of the first impression in Texas and the diligence of counsel has been unable to cite any case from any other jurisdiction which, had it been decided by our Supreme Court, would have been in point. Since the cases cited from other jurisdictions are clearly distinguishable from the case at hand, we have concluded that no purpose would be served in discussing them.

The policy of insurance contained certain exclusions, providing, among other things, "This policy does not cover * * *

"Loss or damage to goods by *scratching, marring, chipping,* denting, bending, or by wet or dampness, or by being spotted, discolored, musty or mouldy, rusted, frosted * * *" (Emphasis supplied)

It is appellant's contention, urged in its points 14 to 16, inclusive, that, by express provision of the policy, the damage, which was sustained by the clothing which was destroyed, was excluded by the clause which is in part quoted above. It is appellee's contention that appellant waived the right to claim any special provision of the policy excluding or limiting the general liability provided by the policy.

Rule 94, Texas Rules of Civil Procedure, relating to affirmative defenses, reads in part: "Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability * * *, nor shall the insurer be allowed to raise such issues unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability * * *."

 The appellant pled no provisions of the policy limiting its general liability for loss due to the perils of theft and burglary. It merely pled the general issue. Not having raised by its pleading the issue "that the loss was due to a risk or cause coming within a particular exception to the general liability," appellant waived any such issue. Of course, it could be plausibly urged that, in contending the loss was one excluded under the policy from coverage, appellant was not thereby contending that the loss was not due to a risk or cause coming within a particular exception to its general liability. But we are inclined to the opinion that where a policy after providing insurance against damage from burglary, then provides that it does not cover a particular injury or loss which is sustained by the goods, that the same is a provision limiting the insured's general liability if the injury or loss results from a risk insured against. However, it is not necessary in this case to decide this. The provision, relied on by appellant as indicating that loss was one not covered, fails to do so. The provision does not exclude from coverage clothing that has been destroyed. And the policy must be construed favorably to the insured. Points 14–16, inclusive, must be overruled.

 Appellant has not discussed its point 13, relating to costs. The costs were adjudged against appellant, against whom judgment was rendered under the policy.

Under Rule 141, for good cause, to be stated on the record, the costs might have been otherwise adjudged. But appellant has failed to state what cause existed for dividing the costs among the parties; if it was intended by point 13 to urge the court should have divided the costs, the point is overruled.

The judgment is affirmed.

Affirmed.

On Appellant's Motion for Rehearing

Appellant challenges the validity of the distinction made in our original opinion between the term "peril of burglary," used in the policy of insurance, and "offense of burglary" as defined by our Criminal Code, citing these Texas cases: Royal Ins. Co., Ltd., v. Wm. Cameron & Co., Inc., Tex. Civ.App., 184 S.W.2d 936; American Indemnity Co. v. Higgenbotham, Tex.Civ. App., 52 S.W.2d 653; Home Ins. Co. of New York v. Brewton, Tex.Civ.App., 46 S.W.2d 359. Since each of the cases cited illustrate the same principle of construction of contracts, we will only briefly review the case last cited.

The policy sued on in the Brewton case insured the owner of a truck against loss or damage thereto caused directly by the perils insured against, including theft. The court held that the policy did not insure against loss or damage to the truck while in the possession of a third party unless such wrongful possession was theft, as that offense is defined in our Criminal Code. Vernon's Ann. P. C. Art. 1410. (It is a familiar principle of construction of contracts that statutes bearing on the subject matter of contracts become a part of the contract, just as though they had been copied into the contract). Since the policy imposed liability on the insurer only for loss or damage to the truck after it had been stolen, the definition of theft in our Criminal Code controlled.

But the holding in the Brewton case is not authority for the position that the peril of theft, insured against in the policy, meant the offense of theft. It is authority to the contrary. Under the holding in the Brewton case the peril of theft provision of the policy did not impose liability until the offense of theft had been consummated. The peril of theft provision covered the loss and damage to which the truck was exposed in the hands of the thief. Webster's International Dictionary defines peril as "1. The situation or state of being in impending or threatening danger; exposure of one's person, property * * * or the like to the risk of being injured, destroyed, lost * * *." Peril of theft arises only after the offense of theft has been consummated.

Property owners and insurers know that thieves and burglars do not commit their crimes merely for the sake of defying the law, but to deprive the owners of property. The provision in a policy insuring property, located in a house, against direct loss or damage caused by the peril of burglary, is intended to indemnify the owner against the loss or damage to the insured property perpetrated by a burglar after he gets to the property, which is in the house. And property destroyed by a burglar after he entered a house is a loss caused by the peril of burglary. It would be difficult to imagine a case where the force used by a burglar in effecting an entry into a house would injure property within the house, property which he might want to appropriate. And he certainly wouldn't want to make use of a force of so violent a character that it would attract attention. The peril insured against, in connection with crimes against property, does not arise until after the relevant crime has been so far successful as to place the property within the power of the criminal. We think the policy indemnified the appellee against the destruction of the clothing by the burglar, that such destruction constituted "direct loss or damage caused by the perils insured against."

Appellant's motion for rehearing will be refused. It is so ordered.