HARKINS v. INDIANA LUMBERMENS MUT. INS. CO. OF INDIANAPOLIS, IND.

No. 12200.

Court of Civil Appeals of Texas. Galveston.
Nov. 16, 1950.

Milton Mulitz and Robert L. Sonfield, Houston, for appellant.

David Bland, Houston, and Austin Y. Bryan, Jr., Houston, of counsel, for appellee.

CODY, Justice.

This is a suit by an automobile dealer to recover upon a policy of insurance issued to him by the defendant insurance company for the loss of an automobile, which loss occurred under the circumstances hereafter stated. Among the defenses pled by the insurance company was one that the plaintiff sustained no loss directly or proximately caused by the peril insured against. And the controlling question in the case is whether the loss sustained falls within the risks covered by the terms of the policy.

In basic form the policy sued on was a "Texas Standard Automobile Policy, Physical Damage Form." Attached thereto was an "Automobile Dealers' Monthly Reporting Form—Form 3," and included in said Form 3 was the following provision: "2. Exclusions—This policy does not cover: * * * (d) Under Theft, Larceny, Robbery or Pilferage (if this

431

policy insures against this coverage)—loss suffered by the insured in case he voluntarily parts with title to or possession of any automobile at risk hereunder, whether or not induced so to do by any fraudulent scheme, trick or devise or false pretense or otherwise."

To the foregoing "Form 3" there was attached an "Automobile Dealers' Non-Standard Open Lot Storage—Theft Endorsement." It was provided by said endorsement, " * * * and such automobiles shall be covered against loss or damage caused by Theft, Larceny, Robbery or Pilferage, * * *".

There was further attached to the policy a "False Pretext Endorsement (For Attachment to Policies Amended by Dealers' Endorsements only)." And said "False Pretext Endorsement" provided, among other things, " * * * such coverage as may be granted by this policy against the hazzard of theft, larceny, robbery or pilferage is hereby extended to include loss of, and damage to, the automobile insured under the policy to which this endorsement is attached as a direct result of theft, larceny, robbery and pilferage in those cases where the insured dealer or anyone acting under express or implied authority of said insured dealer voluntarily parts with title and/or possession of the automobile as the result of a false pretext, subject to all of the terms, conditions and limits of said policy and endorsements attached thereto which are not in conflict with the provisions of this endorsement." Among the additional provisions of the "False Pretext Endorsement" is this: "It is agreed that before any claim shall be payable under this policy, the insured shall obtain a warrant for the arrest of the person or persons procuring possession of the said insured property through false pretext and committing the offense of theft of said automobile."

The circumstances surrounding the loss of the automobile were these: That on September 15, 1948, plaintiff sold to one Sadler a 1946 Nash automobile for the purchase price of $1695.00, of which Sadler paid in cash the sum of $300.00 and

gave his check for $317.00, and for the balance gave his note secured by a chattel mortgage on the automobile; that the plaintiff at once transferred the note and mortgage to Mossler Acceptance Company for $1,100.00,—the transfer reciting on its face that it was "without recourse;" that the check was put through normal banking channels for collection; that payment was refused and the check was duly returned to plaintiff marked "insufficient funds;" that by the time plaintiff learned the check was worthless Sadler had departed for parts unknown, taking the automobile with him. Plaintiff filed a complaint against Sadler for felony swindling.

The Court, trying the case without a jury, rendered judgment that plaintiff take nothing. Then, in response to plaintiff's request, the Court filed his conclusions of fact and law. There is no contention by plaintiff that the facts found by the Court were not ample to support the judgment, but the plaintiff strongly urges that the evidence was wholly insufficient to support any of the Court's fact finding other than the transaction in question constituted a sale of the automobile by plaintiff to Sadler.

The plaintiff predicates his appeal upon seven points, but since, in our view, the Court's finding that the automobile did not come under the coverage of the policy was compelled by the evidence, we deem it unnecessary to set forth any of plaintiff's points except the second reading: "The giving of the worthless check by Sadler to plaintiff constituted a theft by false pretext within the provisions of the insurance policy, regardless of any statements made by Sadler."

It is well settled that the familiar principle applied in the construction of contracts—that statutes bearing on the subject matter of the contract become a part of the contract just as though they had been copied therein—applies to the construction of insurance contracts. Camden Fire Ins. Ass'n v. Moore, Tex.Civ. App., 206 S.W.2d 104, 108; American In-

432

demnity Company v. Higgenbotham, Tex. Civ.App., 52 S.W.2d 653; Home Ins. Co. of N. Y. v. Brewton, Tex.Civ.App., 46 S.W.2d 359.

Incidentally, it may here be noted in the case of American Indemnity Company v. Higgenbotham, just cited, that the insurance policy contained substantially the same provision as was present in the policy herein sued on with respect to theft, robbery and pilferage: " * * * excepting loss suffered by the assured from voluntary parting with title and/or possession, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense or otherwise. * * * " And it was expressly held in the Higgenbotham case, 52 S.W.2d at pages 653, 654, "The language of the quoted policy provisions clearly, we think, limits the peril insured against to that form of theft in which possession is obtained without the consent of the owner or the person holding for him, regardless of the method by which such consent is obtained or of the intention of the taker. It expressly excludes any other form of theft and all other analogous offenses." However, the policy in the instant case, unlike the policy in the Higgenbotham case, extended the coverage against theft to theft by false pretext. P.C., Art. 1413, provides, "The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

It, therefore, follows that the parties to the insurance contract, after limiting the insurance to that form of theft in which possession is obtained without consent of the owner or person holding for him, regardless of the manner by which such consent is obtained or the intent of the taker, enlarged the coverage so as to include theft by false pretext.

It was undisputed in the evidence that Sadler made no representation with respect to the check other than that which was involved in giving the check. Plaintiff has cited cases dealing with swindling which hold that the mere giving of a check in obtaining property makes out a case of swindle, and many other cases could be cited to the same effect. Indeed, P.C., Art. 1546, sec. 4 the "hot-check" statute, expressly denounces the giving of a bad check to obtain property, with no reason to believe the check would be honored, as swindling. But plaintiff has cited no case, and we have been able to find none, which would make such an act theft by false pretext. As we understand the law as announced by the Court of Criminal Appeals, the transfer of both title and possession of property caused by a false material statement regarding some past or present fact constitutes the offense of "swindling," but if the statement also relates to some future fact or promise, the offense may be "theft by false pretext". Johnson v. State, 114 Tex.Cr.R. 392, 162 S.W.2d 980, 982. Since the parties by their contract of insurance must be taken to have written into it the relevant article on theft by false pretext, we hold that the Court correctly found that the automobile was not covered against the loss for which plaintiff sued.

The judgment is affirmed.