**GREAT NATIONAL LLOYDS**

v.

**HALL et al.**

**No. 15484.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 12, 1954.

Rehearing Denied March 19, 1954.

Chas. J. Murray and M. Hendricks Brown, Fort Worth, for appellant.

Johnson & Johnson and Joe J. Johnson, Jr., Fort Worth, for appellee A. L. Hall.

Freeman & Ward and Harry Ward, Fort Worth, for appellee North Fort Worth State Bank.

McDonald, Sanders, Nichols, Ludlum, Wynn & Ginsburg and Atwood McDonald, Fort Worth, for appellee North Fort Worth State Bank.

BOYD, Justice.

Appellee A. L. Hall, suing upon an insur- ance contract, recovered judgment against appellant Great National Lloyds for $7,000 for the loss of a truck and trailer, it having been alleged by him and found by the jury that the loss was occasioned by theft. Hall will be referred to as appellee, although North Fort Worth State Bank, an intervener and Hall's mortgagee, has an interest in the judgment.

The insurance policy issued by appellant to appellee contained the following provisions:

"Coverage D—Comprehensive Loss of or Damage to the Automobile, Except by Collision or Upset.

"To pay for any direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset.

\* \* \* \* \* \*

"Coverage G—Theft

"To pay for loss of or damage to the automobile, hereinafter called loss, caused by theft, larceny, robbery or pilferage, \* \* \*.

\* \* \* \* \* \*

"Exclusions

"This policy does not apply:

\* \* \* \* \* \*

"(m) under coverages D, and G, to loss due to conversion, embezzlement or secretion by any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage or other encumbrance;

\* \* \* \* \* \*

"(o) under coverages \* \* \* G, \* \* \* while the automobile is used in any illicit trade or transportation."

The jury found that the truck and trailer were lost by theft, and that the person committing the theft was an employee of appellee. Appellant contends that the evidence does not support the finding that the loss was caused by theft, but shows conclusively that the employee was guilty of embezzlement and not theft.

Appellee testified that he engaged one J. D. Flowers to accompany him from Fort Worth to San Antonio for the purpose of driving appellee's truck, which was then in San Antonio, to Fort Worth; that Flowers slept in appellee's automobile about one-half block from the truck while appellee loaded the truck with six hundred sacks of onions, which cost him $1,000; that the truck was loaded in a parking lot, and he left it there with the key in the ignition switch, and went to his automobile and awakened Flowers and gave him $100 for expenses and compensation for driving the truck to Fort Worth, but that he did not know whether Flowers ever had the key in his possession, and he never did see Flowers in the truck and does not know whether he was ever in the truck; that Flowers, after his conversation with him, went to a cafe for the purpose of getting his lunch, and he, appellee, left immediately for Uvalde, and that he has not since seen Flowers, the truck, or the cargo.

The court instructed the jury as follows:

"Theft, as used in this charge, means the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of same, and to appropriate it to the use of the person taking it.

"In this connection you are instructed that the taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft.

"You are further instructed in connection with the definition of theft as used in this charge that the temporary possession of an employee of an item of personal property belonging to his employer is not the possession as referred to in this charge when speaking of theft, but is mere custody, and is not such legal possession as will keep a wrongful taking by an employee of property belonging to his employer from being theft, should the employee fraudulently ap-

propriate the employer's property involved, and where all of the other elements of the definition of theft are present."

Appellant objected to the last quoted paragraph; there was no objection to the first two.

■ While the question is not free from difficulty, we have reached the conclusion that the evidence does not support the findings of the jury that appellee's loss of the truck was due to theft by Flowers.

Vernon's Annotated Penal Code of Texas, Art. 1534, Embezzlement, provides: "If any officer, agent, clerk, employe, or attorney at law or in fact, of any incorporated company or institution, or any clerk, agent, attorney at law or in fact, servant or employe of any private person, copartnership or joint stock association, or any consignee or bailee of money or property, shall embezzle, fraudulently misapply or convert to his own use, without the consent of his principal or employer, any money or property of such principal or employer which may have come into his possession or be under his care by virtue of such office, agency or employment, he shall be punished in the same manner as if he had committed a theft of such money or property."

■■ It is generally held that theft and embezzlement are distinct and separate crimes. Bernhardt v. United States, 6 Cir., 169 F.2d 983; 29 C.J.S., Embezzlement, § 4, page 673; Johnson v. State, 46 Tex.Cr. R. 415, 80 S.W. 621; Lott v. State, 24 Tex. App. 723, 14 S.W. 277; Edwards v. State, 47 Tex.Cr.R. 65, 79 S.W. 542; 18 Am.Jur., p. 572, sec. 3. The distinction between them seems to be that whereas theft is the fraudulent taking of property with intent to appropriate it, embezzlement is the fraudulent appropriation of another's property by a person to whom it has been intrusted. 29 C.J.S., Embezzlement, § 1, page 670; Henry v. United States, 50 App.D.C. 366, 273 F. 330, certiorari denied 257 U.S. 640, 42 S.Ct. 51, 66 L.Ed. 411; Gunn v. Globe & Rutgers Fire Ins. Co., 24 Ga.App. 615, 101 S.E. 691; 17 R.C.L., p. 7, sec. 6; 9 R.C.L., p. 1264,

sec. 2, and p. 1266, sec. 4; 16 Tex.Jur., p. 318, sec. 2; 18 Am.Jur., pp. 572 and 573, sec. 3.

■ A rule to be followed in the construction of contracts—that statutes bearing on the subject matter become a part of the contract—applies to the construction of contracts of insurance. Harkins v. Indiana Lumbermens Mut. Ins. Co. of Indianapolis, Inc., Tex.Civ.App., 234 S.W.2d 430; Camden Fire Ins. Ass'n v. Moore, Tex.Civ.App., 206 S.W.2d 104, ref. n. r. e.; American Indemnity Co. v. Higgenbotham, Tex.Civ. App., 52 S.W.2d 653; Home Ins. Co., New York, v. Brewton, Tex.Civ.App., 46 S.W. 2d 359. Another rule is that the language must be construed according to the intent of the parties, to be ascertained from the words used and the subject matter to which they relate. Insurance policies issued in this state will be interpreted according to the laws of this state. Security Ins. Co. v. Sellers-Sammons-Signor Motor Co., Tex. Civ.App., 235 S.W. 617. If the terms of the contract are susceptible of more than one meaning, they will be construed strictly against the insurer. 24 Tex.Jur., p. 705, sec. 29, and cases there cited.

■■ If the terms of the policy in dispute are free from ambiguity, we must give to its words their usual and ordinary meaning. And we think the words "theft," "larceny," "robbery" and "pilferage" usually and ordinarily mean the fraudulent and wrongful taking of the property of another, and that this meaning excludes the idea of the violation of confidence by an employee, who, in the course of his employment, receives the property from the owner by an intrustment. In Gunn v. Globe & Rutgers Fire Ins. Co., supra [24 Ga.App. 615, 101 S.E. 692], the facts were that the plaintiff had bought an automobile on the recommendation of one Miller; shortly thereafter the car got out of order, and the plaintiff told Miller that it was "up to him to fix it;" the car was turned over to Miller for such purpose, without any understanding that he was to receive any compensation for his services in repairing it; and after the car had been so intrusted to

him, Miller fraudulently converted it to his own use. The court said: " * * * under the terms of such a policy written to indemnify an owner against loss by 'theft, robbery, or pilferage,' the usual and ordinary meaning of these words, involving the wrongful and fraudulent taking and carrying away of the article stolen, should have application, and the reasonable intention of the contract should not be extended to cover the fraudulent conversion by a bailee of the property so intrusted. The true and manifest intent and spirit of the contract should not be so technically construed as to require that it partake of the nature of a blanket fidelity bond guaranteeing the integrity of all such persons as may be intrusted by the owner with the possession and control of the article covered by the policy of insurance. See Hartford Fire Ins. Co. v. Wimbish, 12 Ga.App. 712, 78 S.E. 265; Delafield v. London & Lancashire Fire Ins. Co., 177 App.Div. 477, 164 N.Y.S. 221; Valley Mercantile Co. v. St. Paul Fire & Marine Ins. Co., 49 Mont. 430, 143 P. 559, L.R.A.1915B, 327, Ann.Cas.1916A, 1126; People v. Cruger, 102 N.Y. 510, 7 N.E. 555, 55 Am.Rep. 830; Stuht v. Maryland Motor Car Ins. Co., 90 Wash. 576, 156 P. 557."

Appellee argues that the evidence shows that Flowers had "custody" but not "possession" of the truck, and relies on such cases as McGraw v. State, 142 Tex.Cr.R. 432, 154 S.W.2d 645, where a distinction is made between possession and custody of an article alleged to have been stolen. While there is respectable authority for the proposition that custody is not necessarily possession, especially where the custody is in a "servant" as distinguished from an "employee" or "agent," or where the employee receives the property from his employer rather than from a third party, we think the better reason and the weight of authority support the view that when property is intrusted to an employee, whether he be servant or agent, the subsequent conversion and appropriation of the property constitutes embezzlement and not theft. Particularly is this true under statutes defining embezzlement as the conversion and appropriation of property which may have come into his possession or be under his care by virtue of his employment. "Statutes defining embezzlement are generally intended to reach servants, agents, and others who occupy fiduciary relations, and who, because they acquire the possession of property, lawfully, cannot be guilty of larceny. Hence, the statutes usually provide that the money or property embezzled must have come into the possession of the accused by virtue of his employment, * * *. But the rule applies even if the statute contain no such words; for the gist of this offense, as distinguished from larceny, is the breach of trust committed by one occupying a fiduciary relation; * * *. The employment may be permanent, * * * or it may be special for the purpose of a single transaction. * * * in the inquiry whether property comes into the possession of an employee by virtue of his employment, the technical distinction between custody and possession, and the rule that the possession of a servant when acquired from the master is the possession of the master are not observed. * * * This is particularly true of decisions under embezzlement statutes which include property that comes 'under the care' of an employee by virtue of his employment. The phrase 'under his care' will cover property merely in his custody, and therefore, under such a statute, it becomes immaterial whether he receives possession of the property from a third person or from his master; for in either case the property is under his care, and if he converts it he is guilty of embezzlement. * * *" 9 R.C.L., p. 1273, sec. 13. Our Court of Criminal Appeals has repeatedly held that embezzlement may be constituted by the appropriation of property received by an employee from his principal and not for his principal from another party. Stephens v. State, 49 Tex.Cr.R. 489, 93 S.W. 545; O'Morrow v. State, 44 Tex. Cr.R. 221, 70 S.W. 209; Lamb v. State, 49 Tex.Cr.R. 442, 93 S.W. 734; Hamer v. State, 60 Tex.Cr.R. 341, 131 S.W. 813; Nesbitt v. State, 65 Tex.Cr.R. 349, 144 S.W. 944; Wilson v. State, 47 Tex.Cr.R. 159, 82 S.W. 651; York v. State, 140 Tex.Cr.

R. 199, 143 S.W.2d 770; Collins v. State, 92 Tex.Cr.R. 388, 244 S.W. 153; Jackson v. State, 44 Tex.Cr.R. 259, 70 S.W. 760; Messner v. State, 78 Tex.Cr.R. 632, 182 S.W. 329; Pye v. State, 74 Tex.Cr.R. 322, 171 S.W. 741; Henderson v. State, 55 Tex. Cr.R. 640, 117 S.W. 825; Vigil v. State, 148 Tex.Cr.R. 91, 184 S.W.2d 926; see also California Ins. Co. v. Security State Bank of Miami, Okl., 136 Okl. 271, 277 P. 591. And in Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 6, part. 1, p. 321, sec. 3715, it is said that in the absence of statute affecting the situation, or of a manifestation of a contrary intention by the provisions of the policy, embezzlement or fraudulent conversion of an insured car by a bailee is not covered by a policy insuring against theft, robbery, and pilferage. See Home Ins. Co., New York, v. Brewton, Tex.Civ.App., 46 S.W.2d 359; American Indemnity Co. v. Higgenbotham, Tex.Civ. App., 52 S.W.2d 653; Harkins v. Indiana Lumbermens Mut. Ins. Co. of Indianapolis, Inc., Tex.Civ.App., 234 S.W.2d 430.

If Flowers took the truck, we think he was guilty of embezzlement and not theft; and it follows that we believe the third paragraph of the court's definition of "theft" was erroneous.

Another point is that Exclusion (m) quoted above would in any event relieve appellant of liability. We think that the conversion, embezzlement and secretion therein excluded from coverage relate only to such unlawful actions by persons sustaining the relation to appellee as set out in the exclusion, namely, "any person in lawful possession of the automobile under a bailment lease, conditional sale, mortgage or other encumbrance." It is our opinion that Flowers did not sustain any such relation to appellee.

Nor do we think that Exclusion (o) applies to the facts in this case. It excludes loss while the automobile is used in any illicit trade or transportation. It is shown that appellee registered the truck in Alabama, and that he lived in Fort Worth, Texas, and that the truck was never in Alabama while it belonged to him. Even if it be held that appellee was violating the laws of Texas in operating a truck on its highways without being properly registered, we do not believe that such constituted illicit trade or transportation. The trade or transportation in which the truck was being used was hauling onions. We shall have fallen upon evil days indeed when it becomes necessary for this court to hold that hauling that most delectable viand, the onion, is in any sense illicit. O. Henry, "The Third Ingredient."

The judgment is reversed and the cause remanded.