McBRIDE, Judge.
Plaintiff’s office was burglarized on December 27, 1957, and some cash and postage stamps were stolen. The intruder or intruders set fire to the premises and fled.
This suit was brought against The Travelers Indemnity Company on an “Office-Burglary and Robbery Policy” of insurance-for $2,000 (the limit of policy coverage)for the damages caused by the fire to the-contents of the insured premises. The defendant admitted issuance of the policy but denied that plaintiff’s loss is insured thereunder. After trial, the suit was dismissed, and plaintiff appealed.
Under Insurance Agreement VI the company agreed to indemnify the insured for all loss of office furniture, fixtures, equipment, instruments, supplies, etc., by burglary, robbery, theft or larceny of such property from within the premises.
Then by Article VII the insurer agreed
“To Indemnify the insured for all: damage * * * to the premises * * * and other insured property in the premises * * * caused by any such burglary, robbery, theft or larceny or attempt thereat.”
Then follows the following exclusion ;■
“The company shall not be liable for loss or damage * * * under Insuring Agreements VI and VII if caused or contributed to by fire or occurring during a fire in the building in which the premises are located.”
Appellant contends the exclusion clause-is ambiguous and should be strictly construed against the insurer and liberally construed in favor of the insured. It is argued, that all the exclusion can mean is that since the contract is not a fire policy, if the proximate cause of the loss is fire, then the loss-is not covered. But, say counsel, the fire was not the proximate cause of the loss-but that burglary was, the fire only being incidental to the burglary and the remote-cause, and, therefore, the loss is not excluded.
We think the language in the exclusion! clause is as clear as can be and the intern *151 tion of the parties must be determined therefrom. It is provided that the insurer shall not be liable for loss or damage if caused or contributed to by fire. The loss sustained by the plaintiff was caused by that excluded peril and such is not, on that account, afforded policy protection.
LSA-R.C.C. art. 1901 reads in part as follows:
“Agreements legally entered into have the effect of laws on those who have formed them.”
LSA-R.C.C. art. 1945 reads as follows:
“Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them. Upon this principle are established the following rules:
* ‡ * * * *
“Second — That courts are bound to give legal effect to all such contracts according to the true intent of all the parties;
“Third — That the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences; * * ”
Appellant’s counsel cite to us several authorities from other jurisdictions which are said to be “helpful,” all of which we have examined, but find none to be analogous. The policy involved in each is different from the contract before us, and from a factual standpoint the cases may readily be distinguished from the instant one. For instance, Camden Fire Ins. Ass’n v. Moore, 206 S.W.2d 104 (Texas, Court of Appeals), which is claimed to be most nearly in point, dealt with the burglary of a cleaning establishment in which clothing of small value was stolen, but some $1,020.65 worth of clothing was so damaged by the thieves by ripping and tearing as to be a total loss. The insurance policy contained certain provisions limiting the insurer’s general liability, but it pleaded none of these provisions of the policy but merely pleaded as a defense the general issue. The court held that notwithstanding the loss may have been due to a risk or cause coming within a particular exception to the general liability, the insurer had waived any such defense by not specifically pleading the exception.
In the instant case the insurer, for its defense, stands squarely on the exclusion clause.
The judgment appealed from is affirmed.
Affirmed.